## LIEBLING v. FLORIDA REALTY INV. CORPORATION.

Circuit Court of Appeals, Fifth Circuit.

February 27, 1928.

No. 5193.

1. Evidence ⬤⟼420(3)—Oral testimony is admissible to show that writing was not to become contract, except on certain condition.

Oral testimony is admissible to show that a writing was not to become a contract, except on a certain condition.

2. Evidence ⬤⟼420(5)—Parol testimony held admissible to show that option to purchase realty, signed without authority by corporate owner's president, was to become effective only if ratified by stockholders.

Where the president of a corporation, whose only property was a lot and business building thereon, which it rented, signed an option for sale of the property without authority from the board of directors, which alone had power of sale, parol testimony held admissible to show that the contract was to be effective only if and when the sale was consented to by all the stockholders.

Appeal from the District Court of the United States for the Southern District of Florida; Rhydon M. Call and Lake Jones, Judges.

Suit in equity by Abraham M. Liebling against the Florida Realty Investment Corporation. Decree for defendant, and complainant appeals. Affirmed.

For opinion below, see 14 F.(2d) 234.

Reuben Ragland, W. E. Kay, Thos. B. Adams, and L. Kurz, all of Jacksonville, Fla., for appellant.

E. J. L'Engle, Martin H. Long, J. W. Shands, and Edward McCarthy, Jr., all of Jacksonville, Fla., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is an appeal from a decree dismissing appellant's bill to compel specific performance of an alleged contract to convey an improved business lot located in Jacksonville, Fla.

According to the undisputed evidence, appellee owned no other real property than the lot in question, and its business was confined exclusively to renting out stores and offices in the building located on that lot, collecting rents thereon, and paying expens-

es of maintenance. It was not engaged in the business of buying, selling, or dealing in other real estate. An option, which purported to grant to appellant the right to purchase the lot within 30 days, was signed on behalf of the appellee corporation by its president, Arthur T. Williams. That option was not authorized by the board of directors or stockholders, and Williams signed it on condition that all of appellee's stockholders should consent to the sale. Before it expired, a number of stockholders objected to the sale, and Williams promptly notified appellant that, because of such objection, the contract would not be carried out. He also returned the amount he had received as earnest money; but appellant refused to accept it, and after further negotiations there was held a meeting of stockholders, at which all the outstanding stock, consisting of 500 shares was represented. Upon a vote being taken, 406 shares were voted for, and 94 against, making a sale of the property. It is true, however, that two of the three directors voted to make the sale. These were Williams, who owned a majority of the stock, and Osborne, who held one share. Osborne was one of the attorneys who prepared the option, or an extension of it.

[1] We are of opinion that the decree of the District Court was correct. The evidence shows without dispute that the contract was not to become binding unless and until it was approved by all the stockholders, and that it was not so approved. There was no contract, because there was no meeting of minds. The condition imposed was a condition precedent, and not a condition subsequent. It was not made binding, subject to be defeated if all the stockholders did not consent; but the clear meaning was that without such consent no contract would ever come into existence. Oral proof that the condition existed was competent, not for the purpose of varying the written instrument, but in order to show that there was no agreement of any kind. Pym v. Campbell, 6 El. & Bl. 370; Ware v. Allen, 128 U. S. 590, 9 S. Ct. 174, 32 L. Ed. 563; Burke v. Dulaney, 153 U. S. 228, 14 S. Ct. 816, 38 L. Ed. 698; Hartford Fire Ins. Co. v. Wilson, 187 U. S. 467, 23 S. Ct. 189, 47 L. Ed. 261; Gateway Produce Co. v. Farrier (C. C. A.) 268 F. 513. That proof was not rendered incompetent, on the theory that it added to the conditions in regard to performance that were contained in the written instrument, as clearly appears from the authorities just above cited.

[2] The condition here imposed relates not to the performance, but to the existence of a contract. Nor was the evidence of the condition imposed rendered incompetent by reason of the fact that the contract related to real estate. Tug River Coal & Salt Co. v. Brigel (C. C. A.) 86 F. 818; Minn. Mutual Investment Co. v. McGirr (C. C. A.) 263 F. 847; Hurlburt v. Dusenbery, 26 Colo. 240, 57 P. 860; Hanneman v. Olson, 114 Neb. 88, 206 N. W. 155. The case of Haworth v. Norris, 28 Fla. 763, 10 So. 18, relied on by appellant does not announce a different rule, but only holds inadmissible testimony that a deed was delivered to the grantee in escrow. Here there was no deed, or even a binding contract for a deed; for the option was executed without corporate authority. Appellee could only be bound by its board of directors; that board never authorized or ratified the contract. Implied ratification cannot be inferred from course of dealing, as the appellee corporation was not engaged in buying and selling real estate. Osborne's participation in the preparation of the option was in his capacity as attorney. So far as appears, he and Williams did not discuss or consider the question of their duty as directors, or the advisability of making the contract. It cannot reasonably be inferred from this circumstance that any action was taken or ratified by the directors as a board; but, if it could be, it remains true, nevertheless, that their action was subject to the condition that all stockholders should consent.

The fact that two of the directors voted to approve the sale is without significance, for they were acting in their capacity as stockholders, and it does not follow that as members of the board of directors they would have ignored the wishes of the minority stockholders. It is immaterial that a majority of the stock was voted to authorize the sale, because the management of the affairs of a corporation rests with its board of directors.

It is unnecessary to consider other questions that were raised in argument.

The decree is affirmed.