Fuld, J.
In this action for specific performance of a written agreement, we granted the plaintiff leave to appeal to consider whether the parol evidence rule was violated by the receipt of testimony tending to establish that the parties had orally agreed that the legal effectiveness of the written agreement should be subject to a stated condition precedent.
On July 10, 1956, the plaintiff Frederick Hicks, together with defendant Michael Congero and one Jack McGee, executed a written agreement with the individual defendants, members of defendant Clinton G. Bush Company, whereby the parties *490 were to merge their various corporate interests into a single ‘ ‘ holding ’ ’ company in order to achieves more efficient operation and greater financial strength. The document recited, among other things, that the plaintiff would subscribe for some 425,000 shares of stock in the new holding corporation, known as Bush-Hicks Enterprises, Inc., and that the defendants comprising the Bush Company would subscribe for more than a million shares. The other parties to the agreement were to subscribe for a total of less than 50,000 shares. The principal consideration for the subscription was the transfer to the holding company of stock in the operating corporations which the several parties owned.
The written agreement provided expressly that the subscriptions for the stock in Bush-Hicks Enterprises were to be made “ within five days after the date of this Agreement ” and that, ‘ ‘ If within twenty-five days after the date hereof Bush-Hicks shall have failed to accept any of said subscriptions delivered to it * * * then and in any such event the obligations of all of the parties hereto shall be terminated and cancelled.” The subscriptions were promptly made and accepted and, although the plaintiff turned over the stock of his corporations, the defendants did not transfer the stock of their companies to Bush-Hicks Enterprises. In consequence, the plaintiff never received the Bush-Hicks stock as provided in the agreement and the merger never eventuated.
Alleging a breach of contract, the plaintiff brought this suit for specific performance and for an accounting. In their answer, the defendants urged, as an affirmative defense, that the written agreement was executed “ upon a parol condition ” that it “ was not to operate ” as a contract and that the contemplated merger was not “ to become effective ” until so-called “ equity expansion funds ”, amounting to $672,500, were first procured. And, to support that allegation, the defendants upon the trial offered evidence of such an oral understanding. The court admitted the evidence, over the plaintiff’s objection that it varied and contradicted the terms of the writing, and, finding that the oral condition asserted had actually been agreed on by the parties, rendered judgment in favor of the defendants.
A reading of the record unquestionably supports the decision of the courts below that the parties, having concluded that *491 $672,500 was essential to successful operation of the proposed merger, agreed that the entire merger deal was to be subject to the condition precedent that that sum be raised. Thus, one witness, the president of the defendant Bush Company, declared that everyone “ understood ” that the writing was not to become operative as a binding contract until the specified equity expansion funds were obtained. Indeed, his expressive and colorful testimony leaves no doubt as to the nature of the agreement arrived at: “I used the Chinese slang phrase of ‘ No tictie, no shirtie.’ Let’s get signed so we would be ready. I said, 6 You all know what that means, that if we do not get the funds, this document [the written agreement] does not become operative * * V * * * There is only one understanding, verbal understanding that we have had. That speaks of ‘ Get the money or no deal. ’ ”
The expansion capital of $672,500, which the parties hoped would be procured by December 31, 1956, was never raised.
The applicable law is clear, the relevant principles settled. Parol testimony is admissible to prove a condition precedent to the legal effectiveness of a written agreement (see Saltzman v. Barson, 239 N. Y. 332, 337; Grannis v. Stevens, 216 N. Y. 583, 587; Reynolds v. Robinson, 110 N. Y. 654; see, also, 4 Williston, Contracts [3d ed., 1961], § 634, p. 1021; 3 Corbin, Contracts [1960 ed.], § 589, p. 530 et seq.), if the condition does not contradict the express terms of such written agreement. (See Fadex Foreign Trading Corp. v. Crown Steel Corp., 297 N. Y. 903, affg. 272 App. Div. 273, 274-276; see, also, Restatement, Contracts, § 241.) A certain disparity is inevitable, of course, whenever a written promise is, by oral agreement of the parties, made conditional upon an event not expressed in the writing. Quite obviously, though, the parol evidence rule does not bar proof of every orally established condition precedent, but only of those which in a real sense contradict the terms of the written agreement. (See, e.g., Illustration to Restatement, Contracts, § 241.) Upon the present appeal, our problem is to determine whether there is such a contradiction.
The Fadex case (297 N. Y. 903, supra) is illustrative. The plaintiff, seeking damages for nondelivery of certain goods, relied upon written agreements which specifically provided that the goods were “ Ready now ” and that the time of delivery was *492 to be “ Prompt ” and “ Within 4 to 6 weeks, if possible earlier Despite these express recitals, plus the further explicit notation that no oral arrangement or modification was to be binding upon the parties, the defendant sought to show a contemporaneous oral agreement that the sales were conditioned upon its ability to obtain the goods within a month. In connection with a motion for partial summary judgment, this court decided that an oral condition precedent to the formation of a contract could be established when not contradictory of the written agreement itself, but concluded that the condition attempted to be proved by the defendant Crown Steel Corporation would, if ruled operative, actually annul the express terms of the writing.
The present case differs materially from Fadex. There is here no direct or explicit contradiction between the oral condition and the writing; in fact, the parol agreement deals with a matter on which the written agreement, as in some of the cases cited (supra, p. 491), is silent. The plaintiff, however, contends that, since the written agreement provides in terms that the obligations of the parties were to be terminated if the merged corporation failed to accept any of their stock subscriptions within 25 days, the additional oral condition — that the writing “ was [not] to become operative” and that the merger was ‘1 not to become effective ’ ’ until the expansion funds had been raised—is irreconcilable with the written agreement.
As already indicated, and analysis confirms it, the two conditions may stand side by side. The oral requirement that the writing was not to take effect as a contract until the equity expansion funds were obtained is simply a further condition — a condition added to that requiring the acceptance of stock subscriptions within 25 days — and not one which is contradictory. If both provisions had been contained in the written agreement, it is clear that the defendants would not have been under immediate legal duty to transfer the stock in their companies to Bush-Hicks Enterprises until both conditions had been fulfilled and satisfied. And it is equally clear that evidence of an oral condition is not to be excluded as contradictory or ‘ ‘ inconsistent ” merely because the written agreement contains other conditions precedent. (See, e.g., Hartford Fire Ins. Co. v. Wilson, 187 U. S. 467, 474; Ware v. Allen, 128 U. S. 590, 595-596; Liebling v. Florida Realty Inv. Corp., 24 F. 2d 688, 689; Golden *493 v. Meier, 129 Wis. 14, 18; see, also, 3 Corbin, Contracts [1960 ed.], pp. 541-542.) As the Supreme Court wrote in the Hartford Fire Ins. Co. case (187 U. S. 467, 474, supra), “ If an instrument containing an absolute promise to pay may be conditionally delivered, it is difficult to perceive any good reason why an instrument containing a promise to pay upon a contingency may not likewise be conditionally delivered.”[1]
In short, the parties in the case before us intended that their respective rights and duties with respect to the contemplated transfers of stock in the operating companies to the holding company be subject to two conditions, each independent of the other — the acceptance of the stock subscription within a specified period and the procuring of expansion funds of $672,500. As the courts below found, the parties did not contemplate performance of the written agreement until such funds were first received. In other words, it was their desire and understanding that the merger was to be one of proposal only and that, even though the formal preliminary steps were to be taken, the writing was not to become operative as a contract or the merger effective until $672,500 was raised. It is certainly not improbable that parties contracting in these circumstances would make the asserted oral agreement; the condition precedent at hand is the sort of condition which parties would not be inclined to incorporate into a written agreement intended for public consumption. The challenged evidence was, therefore, admissible and, since there was ample proof attesting to the making of the *494 oral agreement, the trial court was fully warranted in holding that no operative or binding contract ever came into existence. The judgment appealed from should be affirmed, with costs.
Chief Judge Desmond and Judges Dye, Froessel, Van Voorhis, Burke and Foster concur.
Judgment affirmed.

. The Wisconsin case of Golden v. Meier (129 Wis. 14, supra) is, in essence, quite similar to the present one. The written agreement, among dairymen for the formation of a creamery association and for the building of a creamery plant by the plaintiffs, provided that it was not to be operative as a contract until all of the defendants had signed the instrument. When sued for preventing the plaintiffs from performing, the defendants defended on the ground that the plaintiffs had failed to comply with a further oral condition that they obtain the pledges of all parties concerned to furnish milk from some 300 cows. The evidence was held admissible and, in reaching that decision, the court noted that the oral condition was “ independent of or collateral to ” the written agreement, rather than “ in conflict with ” it. Accordingly, concluded the court, “ If the condition precedent be performed according to the terms of the condition sought to be proved by parol, the writing will have full force and effect according to its terms. If the condition precedent be not performed, then the contract will never have vitality or become a binding agreement” (129 Wis., at p. 18).