STATHIS PROCOPIS et al., Respondents, v. G. P. P. RESTAURANTS, INC., Appellant. In an action by vendors, *inter alia*, to recover damages for breach of a contract to sell real property, defendant appeals from a judgment of the

Supreme Court, Westchester County, entered July 2, 1973 after a nonjury trial, in favor of plaintiffs, upon the trial court's award of $12,500 as damages. Judgment reversed, on the law and the facts, and new trial granted, with costs to abide the event. At the trial, the attorney who had represented plaintiffs in the transaction testified that the contract, which was to sell land with a diner located thereon for $112,500, was executed at his office. The terms included a $10,000 down payment, a $22,500 purchase money mortgage and the balance in cash. This attorney testified further that the parties agreed that he would hold the $10,000 down payment in escrow until certain Federal tax liens on the property were paid. Defendant's transaction attorney testified that the down payment was given in escrow and was conditioned upon defendant's ability to arrange adequate financing. This attorney further testified that he notified plaintiffs' attorney the day following the contract execution that the purchaser would not be able to arrange the financing and that the deal was thereby terminated. Subsequently, plaintiffs entered into a second contract to sell the property. The selling price was $100,000, all cash. Plaintiffs sought as damages the difference between the contract price and the fair market value of the property at the time of the breach, i.e., $12,500. The trial court held that "in view of the express language in the contract that it embodies the entire understanding of the parties and that all prior agreements and understandings are 'merged in this contract' * * * any evidence relating to a condition precedent would directly violate and contradict the express terms of the contract and is therefore inadmissible." However, the court was satisfied that the testimony of "plaintiffs' former attorney who was present at the closing and who was the escrowee, established that there was never any oral condition precedent to the effectiveness of the contract and that the contract was intended by the parties to become binding upon them at the time of the contract closing." Moreover, the trial court was satisfied that after defendant's default plaintiffs sold the property for the best price then available and that that price represented the fair market value of the property at that time. Accordingly, plaintiffs were awarded damages in the principal amount of $12,500. We disagree with the trial court in two respects. First, it was improper for the trial court to exclude proof that there was a condition precedent to the contract taking effect. "Parol testimony is admissible to prove a condition precedent to the legal effectiveness of a written agreement * * * if the condition does not contradict the express terms of such written agreement" (Hicks v. Bush, 10 N Y 2d 488, 491; see, also, Spina v. Ferentino, 30 A D 2d 1035). In the case before us the evidence offered neither contradicted nor negated a term of the writing. It sought merely to prove a condition precedent before the contract could become effective. The statement in the contract, in effect, that the written document embodies the agreement of the parties and may not be changed or terminated orally has no significance until there is a contract. Second, we find that the proof of damages was not sufficient. "As a general rule the measure of damages of a breach by the purchaser of his contract to purchase land, if the contract is wholly executory on both sides, is the difference between the purchase price and the value of the land to be conveyed" (1 New York Law of Damages, § 215, p. 369). There was no proof offered of the fair market value of the property, except the testimony of plaintiffs' transaction attorney that his clients entered into a second contract of sale of the property for $100,000. The price obtained on a subsequent bona fide sale, fairly negotiated and not conclusively arrived at, may be taken as some evidence of value (Budick v. Singer, 36 Misc 2d 558). Here, however, the consummated sale was upon substantially different terms from those con-

tained in the contract sued upon. Thus, although the subsequent sale price ($100,000) is some evidence of the fair market value of the property at the time of the breach, standing alone it is insufficient proof in this case upon which to predicate plaintiffs' damages. Shapiro, Acting P. J., Christ, Brennan, Benjamin and Munder, JJ., concur.