Tropical Leasing, Inc., Appellant, v Fiermonte Chevro-
let, Inc., Respondent.

Fourth Department, May 27, 1981

APPEARANCES OF COUNSEL

*Costello, Cooney & Fearon (William A. Feinstein* of
counsel), for appellant.

*Langan, Grossman, Kinney & Dwyer (John P. Kinney*
of counsel), for respondent.

OPINION OF THE COURT

Moule, J.

The question presented on appeal is whether Special
Term, upon a motion for summary judgment, erred in hold-
ing that defendant's parol evidence was admissible to prove
a condition precedent to the effectiveness of a written agree-
ment.

This appeal arises out of an action commenced by plain-
tiff for damages allegedly sustained as a result of defen-
dant's failure to deliver a 1978 Limited Edition Chevrolet

Corvette "Indy" Quick-Spec Pace Car (Indy Corvette), pursuant to a retail order placed by plaintiff with defendant and accepted by it. The Indy Corvette was assembled in limited quantities during 1978.

On February 15, 1978, Philip Valenti, an agent and buyer for plaintiff, went to defendant's place of business and told Andrew Fiermonte, defendant's president, that he was interested in purchasing, on plaintiff's behalf, any 1978 Chevrolet Corvettes that defendant had available for sale. At that time defendant had one Indy Corvette on order for a previous customer and one standard blue Corvette in stock. After a discussion with Fiermonte and Raymond Zink, defendant's sales manager, Valenti entered into an agreement with defendant to purchase the standard blue Corvette.

Valenti also agreed to purchase the Indy Corvette and gave defendant a draft for the agreed price. The agreement signed by Zink was defendant's standard printed purchase order used in the sale of new and used cars, which contained a general merger clause that the order "includes all of the terms and conditions on both the face and reverse side hereof, that this [o]rder cancels and supersedes any prior agreement and as of the date hereof comprises the complete and exclusive statement of the terms of the agreement relating to the subject matters covered hereby".

Defendant claims that the sale of the Indy Corvette was conditioned on the prior nonacceptance by the customer for whom the car was originally intended, and that this was fully explained to Valenti by Fiermonte and Zink. Valenti denied that there was any such understanding. There was no provision in the written agreement on whether the car was available or that the purchase was conditioned on a prior nonacceptance by another customer.

On April 14, 1978 the customer who had originally ordered the Indy Corvette took title and delivery of the car. Plaintiff was so informed by defendant and was told that the agreement with it was consequently ineffective. Plaintiff found and bought another Indy Corvette; it then brought suit to recover the difference in price as well as the expenses involved in searching for and obtaining the other car.

Defendant, in its answer, asserted six affirmative defenses and a counterclaim in fraud. Special Term granted plaintiff's motion to dismiss defendant's counterclaim and denied plaintiff's summary judgment motion to strike all six of defendant's affirmative defenses. Each of the six was held to involve questions of fact to be resolved at trial, including the affirmative defense alleging that a condition precedent to the sale by an oral agreement had not been met. Relying on *Hicks v Bush* (10 NY2d 488), Special Term found that the alleged conversation between plaintiff's agent and defendant's president and sales manager, regarding a condition precedent to the effectiveness of the sales order, did not violate the parol evidence rule and was admissible.

The Court of Appeals has held that parol testimony is admissible to prove a condition precedent to the legal effectiveness of a written agreement if the condition does not contradict the express terms of the written agreement *(Hicks v Bush*, 10 NY2d 488, 491, *supra)*. To be admissible, the condition must neither contradict nor negate any part of the written agreement *(Hunt Foods & Inds. v Doliner*, 26 AD2d 41, 43). In a situation involving the sale of goods, evidence outside of the writing should be excluded if, in the view of the court, it relates to a condition that would have been included in the writing (Uniform Commercial Code, § 2-202, Official Comment 3).

Here, the parol evidence neither contradicts nor negates any terms of the written agreement between the parties. Furthermore, the parol evidence does not relate to the type of condition that would have normally been included in a standard printed sales order.

Plaintiff's argument that the parol evidence contradicts the merger clause of the contract is without merit. The parol evidence is offered to prove a condition precedent before the contract could become effective. The merger clause, which provides that the written document embodies the agreement of the parties, has no significance until there is a contract *(Procopis v G. P. P. Rests.*, 43 AD2d 974, 975).

Accordingly, Special Term's order denying plaintiff's summary judgment motion, and holding that defendant's

parol evidence was admissible to prove a condition precedent to the effectiveness of a written agreement, should be affirmed.

CARDAMONE, J. P., DOERR, DENMAN and SCHNEPP, JJ., concur.

Order unanimously affirmed with costs.