■ TENDER LOVING CARE AGENCY, INC., Respondent, v ROMAN HLADUN, Defendant, and VIRA GOLDMAN et al., Appellants. — In an action, *inter alia,* to recover moneys owed for personal services rendered, defendants Goldman and Tyckyj appeal from an order of the Supreme Court, Suffolk County (Geiler, J.), dated January 16, 1984, which denied their motion to dismiss the complaint insofar as it is asserted against them.

Order reversed, on the law, with costs, and defendants Goldman and Tyckyj's motion to dismiss the complaint as to them granted.

Plaintiff commenced this action against defendant Hladun, his daughter (defendant Goldman) and his nephew (defendant Tyckyj) to recover moneys owed for personal services rendered to defendant Hladun, and attorney's fees and costs. It alleged that all three defendants requested that services be provided, and that Tyckyj signed an agreement to pay attorney's fees and costs in the event plaintiff had to commence an action for moneys owed. Appellants moved to dismiss the complaint pursuant to CPLR 3211 (a) (5) and 3211 (a) (7). Special Term denied the motion, finding the existence of issues of fact. We reverse.

At the outset we note that our review is not limited to the face of the complaint (*see, 805 Third Ave. Co. v M.W. Realty Assoc.,* 58 NY2d 447, 453). When, as here, a party seeking dismissal under CPLR 3211 (a) (7) offers evidence extrinsic to the pleadings, we need not assume the truthfulness of the allegations contained in those pleadings, "the criterion to be applied in such

a case being whether the opposing party actually has a cause of action or defense, not whether he has properly stated one" (*Rappaport v International Playtex Corp.,* 43 AD2d 393, 395; *see also, Penato v George,* 52 AD2d 939; *appeal dismissed* 42 NY2d 908).

As to defendant Tyckyj, the terms of the agreement drafted by plaintiff state that "Client" is responsible for attorney's fees and costs. The signatory portion of the agreement reads as follows:

"[/S/]   Roman Hladun
　　　Name of Client

"BY:   [/S/] Myron Tyckyj
　　　Signature of person signing

"Nephew
　　Title of person signing."

The clear and unambiguous language of the document indicates that defendant Tyckyj signed as an agent for a disclosed principal (*see,* 2 NY Jur 2d, Agency and Independent Contractors § 181), and, there being no explicit evidence of his intent to be bound, he cannot be held personally liable (*Savoy Record Co. v Cardinal Export Corp.,* 15 NY2d 1; *Memorial Hosp. v Baumann,* 100 AD2d 701). Furthermore, parol evidence may not be used to contradict this clear and unambiguous language (*Tropical Leasing v Fiermonte Chevrolet,* 80 AD2d 467; *Benderson Dev. Co. v Schwab Bros. Trucking,* 64 AD2d 447). Thus, the cause of action for attorney's fees and costs, which is based solely on the written agreement should be dismissed. As to Tyckyj's alleged request that plaintiff provide health care services to defendant Hladun, since he had no legal obligation to provide defendant Hladun with those services, such a request does not provide a basis for liability (*McGuire v Hughes,* 207 NY 516; *Homemakers, Inc. v Williams,* 100 AD2d 505). The complaint thus fails to state a cause of action as to defendant Tyckyj.

We reach a similar conclusion with respect to defendant Goldman. Plaintiff alleges that when Goldman returned from her trip to Hong Kong, approximately one week after the written agreement was executed, she orally promised to pay for plaintiff's services, and thus is liable either expressly under the agreement or as a surety. These allegations are insufficient on either basis. An express promise to perform an existing duty is not valid consideration (*Goncalves v Regent Intl. Hotels.,* 58 NY2d 206), and an oral promise to pay the debt is void under the Statute of Frauds (*see,* General Obligations Law § 5-701 [a] [2]). Furthermore, the alleged part performance, consisting of paying

plaintiff for some of the care it provided, does not take the alleged agreement out of the Statute of Frauds, because that performance does not clearly and certainly refer to an agreement to assume defendant Hladun's debt (*Jonestown Place Corp. v 153 W. 33rd St. Corp.*, 53 NY2d 847). The part payment may be reasonably explained on some other ground (*see,* 56 NY Jur, Statute of Frauds, § 251). Therefore, the motion to dismiss under CPLR 3211 (a) (5) and 3211 (a) (7) should be granted as to defendant Goldman as well.

Finally, we decline to give plaintiff leave to replead under CPLR 3211 (e) because it has offered no evidence that it is possessed of a valid cause of action against defendants Goldman and Tyckyj (*see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:64, p 68). Titone, J. P., Mangano, Weinstein and Kunzeman, JJ., concur.