■ DAVID L. ALLYN, Respondent-Appellant, v BURTON ALLYN, Appellant-Respondent, and MOREY J. HERZOG, Respondent-Appellant.—Yesawich, Jr., J. Cross appeals (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Stolarik, J.), entered February 22, 1989 in Rockland County, upon a decision of the court, without a jury, in favor of plaintiff.

By this action plaintiff, defendant's son, seeks to recover for the claimed breach of a separation agreement entered into by plaintiff's parents. The pertinent provision reads as follows:

"[I]f the children of [the marriage] continue their education beyond the high school level, [defendant] shall pay any and all costs and expenses incurred for and in connection with such education, except for the sum of seventy-five ($75.00) dollars per week which shall be paid by [the mother] only for such periods as there is school in session based upon the published school calendar.

"After such children attain the age of twenty-one (21) years, [defendant] shall pay any and all expenses incurred for and in connection with such education, without any credit as herein mentioned."

Plaintiff completed high school, attained the age of 21 and attended college for the academic calendar years 1983 through 1985. During this period, he had $6,025 in educational expenses in excess of financial aid grants. Plaintiff sought reimbursement from defendant. The latter, however, refused to contribute more than $3,600 and informed plaintiff that he would provide no additional financial assistance for any further education.

Thereafter, plaintiff entered graduate school and after two years of study obtained a Master's degree. While in graduate school, plaintiff commenced the instant action. The amended complaint sought $48,099.12 in damages, a sum representing those expenses incurred during plaintiff's two years of graduate study. Subsequently, plaintiff entered medical school, and included in a supplemental bill of particulars a claim for expenses related thereto. This bill of particulars as well as the second supplemental bill of particulars advised that plaintiff would move at trial to amend the ad damnum clause of the

amended complaint to include expenses incurred since commencement of the action.

Prior to trial, plaintiff changed counsel because his original trial attorney, Morey J. Herzog, had a scheduling conflict and thus would be unable to appear on the anticipated trial date. Following a nonjury trial, defendant, a practicing physician specializing in dermatology, was ordered to pay plaintiff's college, graduate and medical school education expenses including room and board but not "special food" costs. The damages awarded totaled $88,750.69, $70,000 of which represented education-related expenses incurred by plaintiff through the first year of medical school, and $8,515.69 with interest constituting expenses for which plaintiff became liable during the first semester of his second year at medical school. Defendant was enjoined to pay that portion of the damages covered by student loans as they became due. Additionally, Supreme Court directed defendant to promptly pay plaintiff's future educational expenses and retained jurisdiction for the purpose of enforcing the terms of its judgment. Lastly, the court found that Herzog was entitled to recover reasonable counsel fees from plaintiff in quantum meruit; plaintiff's request, however, for counsel fees from defendant was denied. All parties have appealed.

Defendant's contention that the relevant phrase, "beyond the high school level", is ambiguous is untenable. Had the parties desired to limit defendant's liability to undergraduate college expenses, they clearly could have done so. Parol evidence, proposed for admission by defendant, to explain what the parties intended when this phrase was included in their agreement was properly disallowed (see, Fisch, New York Evidence § 41, at 19-20 [2d ed]; see also, Papa Gino's v Plaza at Latham Assocs., 135 AD2d 74, 76; Tender Loving Care Agency v Hladun, 111 AD2d 162, 163).

As plaintiff's complaint sought to recover for only those expenditures not covered by financial aid grants, Supreme Court should have allowed defendant a credit for $4,050, the amount of a grant plaintiff acknowledged receiving during his first semester of medical school. Plaintiff's claim that he received this particular grant to cover medical costs unrelated to educational expenses is not borne out by the record.

Unpersuasive also is defendant's contention that he was unfairly prejudiced and surprised by plaintiff's introduction of evidence reflecting expenses incurred during plaintiff's second year in medical school, which arose after plaintiff had served

his second supplemental bill of particulars. Not only did plaintiff's various bills of particulars apprise defendant that such relief would be sought, but, in addition, the record clearly reveals that defendant was aware of plaintiff's ongoing educational expenses, that plaintiff offered defendant the opportunity to conduct additional discovery regarding these expenses before trial, and that defendant declined the court's offer to suspend the trial for discovery purposes.

Further, Supreme Court's conclusion that plaintiff's ordinary room and board costs were included within the term "any and all expenses incurred for and in connection with such education", but that the special nonadditive containing foods plaintiff requires are not, is supported by the record. And contrary to defendant's suggestion, the fact that additional child support obligations contained in another paragraph of the separation agreement terminated when plaintiff reached the age of 21 does not relieve defendant of the independent obligation of meeting room and board expenses occasioned by plaintiff's education *(cf., Bethune v Bethune,* 46 NY2d 897, 898).

Nor do we find any abuse of discretion in Supreme Court permitting defendant to defer satisfying plaintiff's student loans until the loan payments become due *(see,* CPLR 5240). In contrast, however, the court should not have directed defendant to pay plaintiff's future educational expenses as they became due; specific performance is not an appropriate vehicle for the collection of a money judgment where, as here, there has been no showing that plaintiff would not have an adequate remedy at law *(see, Muller v Muller,* 266 NY 68, 70; *see also, Bedell v Bedell,* 86 AD2d 504).

Plaintiff's claim for counsel fees was properly rejected. That he is a third-party beneficiary of the separation agreement does not diminish the fact that he does not have either a statutory or a contractual basis for recovering these fees *(see, City of Buffalo v Clement Co.,* 28 NY2d 241, 262-263; *see also,* 36 NY Jur 2d, Damages, § 91, at 161-162). His reliance on Domestic Relations Law § 238 is misplaced, for neither the express language of the statute nor the legislative memorandum indicate that the Legislature intended the change to gender-neutral language, effected in 1978, to simultaneously broaden the statute to invest third-party beneficiaries of separation agreements with the same rights which parties to matrimonial actions enjoy *(see, Heaney v Heaney,* 93 Misc 2d 811, 817, *mod on other grounds* 69 AD2d 897; *see also,* Exec Dept mem, 1978 McKinney's Session Laws of NY, at 1728).

Nor is there merit in plaintiff's equal protection argument. It is not plaintiff's age that bars recovery of counsel fees—he asserts that if he were still a minor his mother could sue on his behalf and collect such fees—but rather his status as a third-party beneficiary that prevents such relief.

On the other hand, Herzog is entitled to recover from plaintiff the reasonable value of his services. Since the record fully supports Supreme Court's finding that Herzog was not discharged for cause, he is entitled to be compensated on a quantum meruit basis (see, Campagnola v Mulholland, Minion & Roe, 76 NY2d 38, 44). The court failed, however, to include reasonable compensation for services Herzog rendered readying the case for trial. He is entitled to be paid for time spent preparing plaintiff, who apparently because of a learning disability had serious difficulties with recall, and his mother to testify and for collating and organizing the various documents presented at trial. Remittal for a redetermination of the reasonable fees to which Herzog is entitled is therefore necessary (see, Marschke v Cross, 82 AD2d 944).

We have examined the parties' remaining contentions and find them lacking in merit.

Judgment modified, on the law, without costs, by (1) reducing the award to plaintiff by $4,050, (2) reversing so much thereof as directed that defendant pay future expenses as they become due, and (3) reversing the counsel fee award to Morey J. Herzog; the issue of the amount of Morey J. Herzog's fee award is remitted to the Supreme Court for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.