■ TAMARA MACK-LOWE, Respondent, v YANICK PIÇAULT-CADET, Appellant. [823 NYS2d 55]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered November 30, 2004, which, upon plaintiff's motion for renewal/reargument, granted summary judgment and directed defendant to render specific performance by conveying to plaintiff the shares in the cooperative apartment, affirmed, without costs.

It is well settled that parol evidence may be admissible to establish a condition precedent to the legal effectiveness of a written contract if such condition is not contradictory to, or in variance with, the written terms of the agreement (*Bank of Suffolk County v Kite,* 49 NY2d 827, 828 [1980]; *Hicks v Bush,* 10 NY2d 488, 491 [1962]), and the merger clause, which provides that the written document embodies the entire agreement of the parties, is of no consequence until there is a contract in effect (*Tropical Leasing v Fiermonte Chevrolet,* 80 AD2d 467, 469 [1981]; *Procopis v G. P. P. Rests.,* 43 AD2d 974, 975 [1974]).

In this matter, we agree with the motion court that the alleged condition precedent to the contract, that the Internal Revenue Service (IRS) had to accept defendant's offer in compromise of her tax liability,* which would result in the discharge of

---

* We note that the rejection of defendant's offer of compromise by the IRS is not very shocking, as defendant valued her apartment in the offer to the IRS at $55,000, whereas the contract of sale with plaintiff called for a purchase price of $200,000. The IRS was aware of the market value of the apartment, however, and rejected the offer accordingly.

the federal tax liens filed against the apartment, directly contradicts article 15.2 of the contract of sale, which specifically provides for the discharge of liens at closing. That provision states, in pertinent part, that "Seller, at Seller's expense, *shall obtain and deliver to the Purchaser* the documents and payments necessary to secure the release, satisfaction, termination and discharge or removal of record of any Liens and Judgments. Seller may use any portion of the Purchase Price for such purposes" (emphasis added). Defendant's rebuttal to the foregoing, really a distinction without a difference, is that the motion court mischaracterized the condition precedent as a question of whether or not a lien exists, rather than the IRS's acceptance of defendant's pending offer in compromise of her tax liability which acceptance, of course, would result in the discharge of the liens. The mechanism for such a discharge, however, is specifically provided for in article 15.2 of the contract.

Moreover, the transcript of a January 12, 2004 telephone conversation which took place between plaintiff and defendant, which was apparently recorded in the normal course of business by plaintiff's employer, does nothing to support defendant's assertion that the IRS's acceptance of the compromise was a condition precedent to the sale. Rather, the transcript indicates that defendant, when asked by plaintiff if she wanted to dissolve the deal so the IRS would not take the money, replied, "No, I want them off my back more than anything."

Finally, to the extent defendant claims otherwise, we note that the condition precedent alleged by defendant is the sort of agreement that parties to a contract would be expected to make in writing (*cf. Hicks*, 10 NY2d at 493). Concur—Tom, J.P., Mazzarelli, Saxe and Nardelli, JJ.

McGuire, J., dissents in a memorandum as follows: I respectfully dissent as the oral condition precedent to the written contract does not contradict the terms of the contract.

Article 15.2 of the contract specifies in relevant part as follows: "Seller, at Seller's expense, shall obtain and deliver to the Purchaser the documents and payments necessary to secure the release, satisfaction, termination and discharge or removal of record of any Liens and Judgments. Seller may use any portion of the Purchase Price for such purposes." In opposition to the motion for summary judgment by plaintiff purchaser, defendant seller alleged that prior to the execution of the written contract she and plaintiff had reached an understanding that she would not be obligated to go through with the sale unless the Internal Revenue Service (IRS) accepted the offer that she and her husband had made to settle a tax dispute.

It is of no moment whether there would be a contradiction between the terms of article 15.2 and an oral condition precedent to the effect that defendant would not be obligated to go through with the sale if a federal tax lien or any other lien against her interest in the subject cooperative was in existence at the time of closing. Plaintiff's principal argument is based on so characterizing the alleged oral condition. As defendant correctly argues, however, that is not the oral condition upon which she relies. There is no contradiction at all between the condition precedent defendant alleges (acceptance by the IRS of her offer to compromise) and the terms of article 15.2.

Contrary to the majority's position, there is a significant difference between the condition precedent defendant alleges (acceptance of her settlement offer by the IRS) and the condition precedent the motion court construed her to have alleged (the absence of any tax lien). Merely being able to satisfy a lien with the sale proceeds would not guarantee that defendant would realize any particular amount from the sale; by contrast, defendant would know exactly what she would realize if the IRS accepted her settlement offer.

At most, the condition precedent and the terms of article 15.2 deal with related subjects. In its seminal decision on this issue, the Court of Appeals made clear that a "certain disparity" between the oral condition and the written contract did not bar parol testimony about the oral condition (*Hicks v Bush*, 10 NY2d 488, 491 [1962]). As the Court stated, "[a] certain disparity is inevitable, of course, whenever a written promise is, by oral agreement of the parties, made conditional upon an event not expressed in the writing" (*id.*). The parol evidence rule bars proof only of those oral conditions precedent "which in a real sense contradict the terms of the written agreement" (*id.*). There was no such contradiction in a "real sense" in *Hicks*, because the oral condition and the assertedly contradictory term of the contract, another condition precedent, "may stand side by side" (*id.* at 492). That is, "[i]f both provisions had been contained in the written agreement, it is clear that the defendants would not have been under immediate legal duty to [perform] until both conditions had been fulfilled and satisfied" (*id.*).

What was said in *Hicks* also is true here. The alleged oral condition and the terms of article 15.2 "may stand side by side" and "[i]f both provisions had been contained in the written agreement," defendant would not have been under any duty to perform unless the oral condition was satisfied. Although the majority accepts plaintiff's contention that the oral condition

contradicts the terms of article 15.2, it does not and cannot explicate the nature of the contradiction.

The majority's reliance on an excerpt from one of the telephone conversations between the parties is misplaced. Whether this equivocal snippet of conversation affirmatively supports defendant's position is beside the point. It certainly does not negate her contention that the parties had orally agreed that the sale would not go through unless defendant's settlement offer was accepted by the IRS. Of course, and the majority does not contend otherwise, this factual dispute on the issue of whether there was such an oral agreement could not properly be resolved on plaintiff's motion for summary judgment (*see Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 [1957]).

Whether an alleged oral condition precedent to a written contract must be one that the parties would ordinarily not include in the written contract is not clear. In *Mitchill v Lath* (247 NY 377, 381 [1928]), the Court of Appeals unequivocally stated that three conditions must exist before an oral agreement can vary the terms of a written contract, one of them being that the oral agreement "must be one that parties would not ordinarily be expected to embody in the writing."* On the other hand, both *Hicks v Bush* (*supra*) and *Bank of Suffolk County v Kite* (49 NY2d 827 [1980]), appear to be to the contrary. In *Hicks*, the Court stated as follows: "The applicable law is clear, the relevant principles settled. Parol testimony is admissible to prove a condition precedent to the legal effectiveness of a written agreement, if the condition does not contradict the express terms of such written agreement" (10 NY2d at 491 [citations omitted]). And in *Bank of Suffolk County*, the Court stated simply that "[i]t is true that parol evidence may be admissible to prove a condition precedent to the legal effectiveness of a written agreement if the condition is not contradictory or at variance with its express terms" (49 NY2d at 828 [citations omitted]). Although the Court mentioned in *Hicks* that the condition precedent was one the parties "would not be inclined to incorporate into a written agreement intended for public consumption" (10 NY2d at 493), in neither case did the Court hold that parol evidence was admissible only if the condition precedent was such that it would not ordinarily be expected to be included in the writing. Moreover, it is decidedly difficult to

---

* The other two conditions identified by the Court were: "(1) the agreement must in form be a collateral one; [and] (2) it must not contradict express or implied provisions of the written contract" (*Mitchill v Lath*, 247 NY at 381).

understand how it can sensibly be determined whether a particular alleged oral agreement is one that the parties would not "ordinarily" be expected to include in their written agreement. If the parties were counseled by competent attorneys, one certainly would expect that all oral agreements between them would be included in their written contract.

On the other hand, in *Backer v Lewit* (180 AD2d 134 [1992]), this Court cited *Mitchill v Lath* for the proposition that each of the three conditions stated in that case must obtain. Nonetheless, I believe the majority errs in concluding as a matter of law that the "condition precedent alleged by defendant is the sort of agreement that parties to a contract would be expected to make in writing." Defendant provided a not implausible explanation for why the oral agreement was not included in the written contract. The reasonableness of that explanation should be a matter for the jury to decide (*cf. Andre v Pomeroy*, 35 NY2d 361, 364 [1974] [whether the defendant or plaintiff "acted reasonably under the circumstances . . . can rarely be decided as a matter of law"]; *Karamarios v Bernstein Mgt. Corp.*, 204 AD2d 139, 140 [1994] ["(f)oreseeability is generally a question of fact for the jury"]).

Whatever the extent of the difficulties defendant may have in proving the oral agreement that she was not obligated to sell unless the IRS accepted her proposal, she should not be deprived of an opportunity to prove it. Because parol evidence of the oral agreement is admissible, there is a material issue of fact, namely, whether the parties did so agree, that precludes summary judgment for plaintiff. Accordingly, I would reverse and deny the motion for summary judgment.

