ARTHUR SCHWARTZ, Respondent, v. LEO GREENBERG, Appellant.

Argued April 15, 1952; decided July 15, 1952.

*Philip Adler* and *Martin H. Young* for appellant. I. The contract was in writing and, since there was no delivery thereof, it was not legally binding. The findings that the contract was oral and that the written contract was merely a " memorandum " of the oral contract sufficient to satisfy the Statute of Frauds, was error. (*Grannis* v. *Stevens,* 216 N. Y. 583; *Stiebel* v. *Grosberg,* 202 N. Y. 266; *Clark* v. *Auditore, Inc.,* 244 N. Y. 382; *Sarasohn* v. *Kamaiky,* 193 N. Y. 203; *Dietz* v. *Farish,* 79 N. Y. 520; *Friedman & Co.* v. *Newman,* 255 N. Y. 340; *Argus Co.* v. *Mayor of City of Albany,* 55 N. Y. 495.) II. The award of damages in the sum of $3,736.46 was improper. (*Neverfail Lighter Co.* v. *Blum,* 201 App. Div. 153.) III. The expenses and losses incurred in the liquidation are not a proper basis for

fixing plaintiff's damages. (*Farish Co.* v. *Madison Distributing Co.*, 37 F. 2d 455; *Haughey* v. *Belmont Quadrangle Drilling Corp.*, 284 N. Y. 136; *Derami, Inc.*, v. *John B. Cabot, Inc.*, 273 App. Div. 717; *Roussos* v. *Christoff*, 224 App. Div. 276.)

*Albert E. Schwartz, Paul Miller, Lawrence Isaacs* and *Nathan H. Elman* for respondent.   I. A valid and binding oral agreement was entered into between the parties, and the question of whether or not a written contract was entered into and delivered was immaterial. (*Pratt* v. *Hudson Riv. R. R. Co.*, 21 N. Y. 305; *Sherry* v. *Proal*, 131 App. Div. 774; *Sanders* v. *Pottlitzer Bros. Fruit Co.*, 144 N. Y. 209.)   II. There was in fact a delivery of the written contract in view of the fact that it was the intent of the parties that the contract operate as a valid executed contract. (*Sarasohn* v. *Kamaiky*, 193 N. Y. 203.)   III. Plaintiff pleaded and proved damages in the sum of $3,736.46, as found by the Appellate Division. (*Wakeman* v. *Wheeler & Wilson Mfg. Co.*, 101 N. Y. 205; *Industrial & Gen. Trust, Ltd.*, v. *Tod*, 180 N. Y. 215; *Brown* v. *Weir*, 95 App. Div. 78; *Harris Structural Steel Co.* v. *Chapman*, 162 Misc. 709; *Joseph* v. *Sulzberger*, 136 App. Div. 499; *Clews* v. *Jamieson*, 182 U. S. 461; *Vaupell* v. *Woodward*, 2 Sandf. Ch. 143; *Sawyer* v. *Dean*, 114 N. Y. 469.)

LOUGHRAN, Ch. J.   We believe the plaintiff failed to establish the cause of action asserted by him.   The structure of his complaint does not make possible an easy compression of the allegations thereof.   Hence we shall state his position in his own words.   Included in his complaint are these allegations:

" FIRST: That on or about April 4, 1950, the plaintiff was the owner of all the issued and outstanding preferred and common stock of Vogue-Ette, Inc., a domestic corporation.

" SECOND: That on or about April 4, 1950, the plaintiff and defendant entered into an agreement wherein the plaintiff was to sell all his right, title and interest in and to the preferred and common stock of Vogue-Ette, Inc., a domestic corporation, to the defendant for the sum of $28,688.35 and the defendant agreed to pay the said $28,688.35 for the said stock of plaintiff in Vogue-Ette, Inc.

" THIRD: That the plaintiff duly performed all the conditions of said contract on his part to be performed and on April 4, 1950 and thereafter was ready, willing and able to transfer all his

right, title and interest to the said preferred and common stock of Vogue-Ette, Inc., and duly tendered said stock to the defendant and demanded that he accept and pay for the same.

"FOURTH: That at that time the defendant refused to accept the said stock or to pay the sum of $28,688.35 pursuant to his agreement.

"FIFTH: That the said Vogue-Ette, Inc., was a closed corporation, and there was no market for the sale of the said stock of the plaintiff, of which facts defendant was aware.

"SIXTH: That as a result of defendant's aforesaid breach of contract, plaintiff was forced to liquidate the assets of the said Vogue-Ette, Inc.

"SEVENTH: That as a result of defendant's aforesaid breach of contract, the plaintiff was caused damage in the sum of Ten Thousand ($10,000.00) Dollars."

The answer of the defendant denies the whole complaint.

The following facts are undisputed: On April 4, 1950, the parties and their attorneys met at the office of the plaintiff's attorney for the purpose of entering into a written contract whereby the plaintiff would agree to sell and the defendant would agree to purchase the stock of a New York corporation all the shares of which were owned by the plaintiff. On that occasion, the plaintiff's attorney produced duplicate typewritten originals of such a contract and the plaintiff signed one while the defendant signed another. The purchase price was stated to be $28,688.35 — the book value of the stock. A check for that sum was tendered by the defendant but was refused by the plaintiff who demanded a certified check. In that state of the matter, the parties agreed to postpone completion of the transaction until the next day and thereupon each party picked up the writing that had been signed by him and went away. When they met again the next day, the defendant said he had changed his mind and would not execute any contract. The attorney for the plaintiff then requested return of the typewritten instrument which had been delivered to the defendant the day before and that document was handed over by the defendant's attorney after he had torn off the signature of his client.

This action was tried before Official Referee FREDERICK P. CLOSE who made the following finding: "There is no evidence in this case that either the defendant or his attorney ever deliv-

ered the contract signed by the defendant to the plaintiff or his attorney.'' For that reason, Judge CLOSE dismissed the complaint on the merits.

On appeal by the plaintiff to the Appellate Division, the judgment granted to the defendant at the trial was reversed on the law and the facts and all '' inconsistent '' findings of fact and conclusions of law made by Judge CLOSE were set aside. The Appellate Division said: '' In our opinion the proof establishes that there was a valid and binding oral agreement entered into by the parties upon which their minds met in all respects; and failure to deliver a signed copy of the writing setting forth the terms of that agreement cannot defeat its enforcement.'' (279 App. Div. 750.) In support of that proposition the Appellate Division made new findings of fact and conclusions of law. Judgment for the plaintiff followed and from that judgment the defendant appealed to this court.

Of course, if the parties intended to be bound by an oral agreement, a mere failure to reduce their promises to writing would be immaterial. (*Pratt* v. *Hudson Riv. R. R. Co.*, 21 N. Y. 305, 308; *Sanders* v. *Pottlitzer Bros. Fruit Co.*, 144 N. Y. 209, 214; *Disken* v. *Herter*, 73 App. Div. 453, 455, affd. 175 N. Y. 480.) But there is no evidence of an intention of the parties to be bound by any mere oral understanding. Indeed they drafted a formal contract on April 4, 1950, and each of them retained a copy thereof until they met again the next day, when the defendant withdrew from the transaction. It is entirely plain, then, that the parties did not intend to be bound until a written agreement had been signed and delivered (see *Dietz* v. *Farish*, 79 N. Y. 520, 523). Hence the finding to the contrary made by the Appellate Division must be rejected as erroneous and the judgment for the plaintiff must be reversed.

There remains the question whether we can grant judgment for the defendant on the present record. The finding by Judge CLOSE that there had been no delivery of the contract was not specifically reversed by the Appellate Division. The order of that court does indeed purport to reverse all findings of Judge CLOSE that are inconsistent with its decision but the decision, instead of making a finding contrary to the finding of Judge CLOSE on the issue of delivery, treats that issue as being immaterial. This state of the record requires us to presume that the

question of fact as to delivery was not reviewed by the Appellate Division (Civ. Prac. Act, § 602).

Even so, we need not on that account remit this case to the Appellate Division for determination of that question of fact (see Civ. Prac. Act, § 606). For there is no evidence that would support a finding of a delivery of the written contract and, that being so, the defendant is entitled to judgment dismissing the complaint (*Matter of Case,* 214 N. Y. 199; *Blum* v. *Fresh Grown Preserve Corp.,* 292 N. Y. 241).

The judgment of the Appellate Division should be reversed, and that of the Supreme Court affirmed, with costs in this court and in the Appellate Division.

LEWIS, CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Judgment accordingly.