■ RICHARD H. BIRCH et al., Appellants, v. CLARA McNALL, Respondent.— Judgment and order unanimously reversed, with costs, and motion denied, with $10 costs. Memorandum: The complaint herein sought specific performance of a written contract in which plaintiffs agreed to purchase and defendant agreed to sell certain realty. Defendant's motion for summary judgment dismissing the complaint was granted. It is not disputed that the writing was signed by all three parties but the complaint was dismissed upon a holding by Special Term that the contract was never "delivered" by defendant to plaintiffs after execution by the former. A binding contract, however, may be made without a physical delivery of the instrument evidencing the contract. "Whether certain acts, words and circumstances constitute a delivery of an agreement is a question of intent. * * * Any evidence that shows that the parties to a written instrument intend that the same should be operative and binding upon them is sufficient in an action to enforce its provisions." (*Sarasohn* v. *Kamaiky*, 193 N. Y. 203, 214; see, also, *Dietz* v. *Farish*, 79 N. Y. 520, 525; 1A Corbin, Contracts, § 244, p. 399; 9 N. Y. Jur., Contracts, § 61.) Defendant's agent states in her affidavit that defendant executed the contract as a matter of convenience. One of the plaintiffs, however, swears that the agent informed her that defendant had executed the contract—"'The house is yours and our lawyer will send [your lawyer] a copy of the contract.'" These and other facts upon the subject of delivery set forth in the affidavit

present a factual issue that requires a trial. (Appeal from judgment and order of Monroe Special Term dismissing the complaint. The order grants motion for summary judgment dismissing the complaint, canceling the *lis pendens* and directs judgment.) Present — Williams, P. J., Bastow, Goldman and Noonan, JJ.