■ In the Matter of MARVIN WEINGART, Appellant, v COMMUNITY SCHOOL BOARD 26 et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the respondent school board to retain petitioner as its superintendent, petitioner appeals (1) from a judgment of the Supreme Court, Queens County, dated September 5, 1978, which dismissed the petition and (2) from so much of a further judgment of the same court, dated September 26, 1978, as, upon renewal, adhered to its original decision. Appeal from the judgment dated September 5, 1978 dismissed as academic. That judgment was superseded by the judgment made upon renewal. Judgment dated September 26, 1978, affirmed insofar as appealed from, without prejudice to any rights petitioner may have in an action at

law. Respondent Community School Board is awarded one bill of $50 costs and disbursements. Petitioner was employed by the respondent Community School Board as school superintendent pursuant to a two-year contract signed June 16, 1977, to be effective from July 1, 1976 through June 30, 1978. Pursuant to the terms of the contract (par 14), petitioner notified the board in 1978 that he intended to apply for renewal of his employment contract. On February 16, 1978 the board in turn unanimously passed the following resolution: "RESOLVED that Community School Board 26 renew the contract of its Superintendent * * * for a period of three years. His present contract expires June 30, 1978 and his new contract will continue to June 30, 1981." On the agenda, the resolution appeared with an "explanation" that stated that "The terms and conditions of the contract remain the same. A copy of the contract is available to the public at the office of the Community School Board." The "explanation" was, we believe, for the information of the public and to promote intelligent voting by the board. It is not an integral part of the resolution that was passed. What the parties intended was to write a three-year contract, on terms and conditions that were the same as the two-year contract. Each side, however, evidently had different notions of what "the same" meant when applied to a three-year term rather than the two-year term of the then existing contract. The board, for example, wanted renewable yearly options. Finally, prior to June 15, 1978, petitioner agreed to a contract that contained an option to renew at the end of two years. A resolution adopting that contract was not voted by the board, however, because there was further disagreement. Petitioner than commenced the instant proceeding. He contends that all the terms and conditions were clear from the resolution and "explanation" and that he is entitled to have the contract enforced. We disagree and hold, as did Special Term, that mandamus does not lie. The conduct of the parties following the adoption of the resolution in February, 1978, to wit, discussions that resulted in an agreement as to a contract on June 15, 1978, which even then was not executed, is strong indication that there was not mutual assent to all the terms and conditions that were ultimately to be finalized in a writing (cf. *Schwartz v Greenberg,* 304 NY 250). This situation is not analogous to the one existing in *Matter of Municipal Consultants & Publishers v Town of Ramapo* (47 NY2d 144), where negotiations on the proposed agreement preceded the resolution voted by the town to accept the agreement. Although we decline to grant the petition, our determination is without prejudice to the enforcement by petitioner of any rights he may have in an action at law. Rabin, J. P., Gulotta, Martuscello and Mangano, JJ., concur.