■ BOHLEN INDUSTRIES OF NORTH AMERICA, INC., et al., Respondents, v FLINT OIL & GAS, INC., et al., Appellants. (Appeal No. 1.) — Order unanimously affirmed, with costs. Memorandum: Plaintiffs, several of whom are citizens and residents of West Germany, are the limited partners and the corporate defendant, Flint Oil & Gas, Inc., is the general partner of a limited partnership formed to explore for oil and gas. The principal dispute between plaintiffs and defendants is whether certain oil and gas leases upon properties in the Town of Marilla, Erie County, were, according to the limited partnership certificate, to be contributed to the partnership by the general partner. The action seeks dissolution of the partnership, the appointment of a liquidating trustee and a determination of title to the oil and gas leases.

Settlement negotiations conducted by attorneys for the parties resulted in the draft of an instrument purporting to be an agreement settling the lawsuit. While all parties signed copies of the instrument, defendants' attorney has not physically delivered to plaintiffs copies of the instrument which were signed by his clients. Defendants disavowed the settlement, claiming that no agreement was ever made, and plaintiffs, by motion, sought enforcement of the agreement. Special Term granted the motion, and defendants appeal.

The pertinent paragraphs of the agreement are as follows:

"15. The Parties agree to approve, adopt and execute all documents necessary to effectuate the implementation, in its entirety, of this settlement agreement.

"16. This document may be signed in several counterparts, all of which when attached together shall constitute a single, complete agreement.

"IT IS FURTHER AGREED, by and among the Parties, that none of the provisions contained herein shall be deemed to have any effect upon any party, even a signatory, until this agreement has been duly executed by all of the Parties."

Defendants contend that delivery of a contract instrument is, as a matter of law, essential to its effectiveness; that the settlement agreement, by its terms, required such delivery as the final act of acceptance of the contract; and lastly, that the parties orally agreed that closing of the settlement agreement was a condition precedent to its effectiveness and that the court erred in refusing to receive parol evidence of such oral agreement.

Initially, we reject defendants' argument that a written contract does not become effective until delivery (1 Corbin, Contracts, § 32). "A binding contract * * * may be made without a physical delivery of the instrument evidencing the contract." (*Birch v McNall,* 19 AD2d 850.) Nor can the agreement itself be interpreted to require that the parties intended that the settlement would not be effective until executed copies were exchanged. It is basic, of course, that a contract requires an offer and acceptance, and where the parties have agreed that delivery is essential to the making of a contract, there is no agreement without it (*Schwartz v Greenberg,* 304 NY 250). Paragraph 16 of the agreement provides merely for procedural purposes, however, that the agreement may be executed in counterparts and subsequently attached together. That provision was inserted for the obvious reason that the parties were separated by great distance. Giving effect to both paragraph 16 and the final paragraph of the settlement agreement, and ascribing to the words used their plain meaning (*Laba v Carey,* 29 NY2d 302), the agreement unambiguously provides that it shall be effective upon execution by the parties.

Finally, the parol testimony which defendants propose to offer, to the effect that a closing of the settlement was a condition precedent to it becoming effective, was properly refused by Special Term as being inconsistent with and contradictory of the express provision as to when the settlement agreement would become effective (see *Hicks v Bush,* 10 NY2d 488, 491; *Metropolitan Bank v Brennan,* 48 AD2d 254; cf. *Tropical Leasing v*

*Fiermonte Chevrolet,* 80 AD2d 467). Obviously the settlement agreement contemplated future acts such as attaching together the several counterpart agreements and the exchange of releases in order to effectuate the settlement and end the lawsuit. Such matters were all agreed upon, and the meaning and validity of the agreement are beyond dispute (see *Teitelbaum Holdings v Gold,* 48 NY2d 51).

Other issues raised by defendants are either without merit or, in the view taken, need not be addressed. (Appeal from order of Supreme Court, Erie County, Marshall, J. — enforce settlement agreement.) Present — Dillon, P. J., Hancock, Jr., Denman, Boomer and O'Donnell, JJ.