OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 Both parties are not-for-profit corporations.
 

 In May 1979, plaintiff, a lessee of premises owned by defendant, evidenced a desire to renew its lease. Preliminary negotiations evolved into discussions for a proposed sale of the property to plaintiff, which were followed by more extensive negotiations between representatives of the respective parties and their attorneys in efforts to formulate the specific provisions for a contract of sale. Two years later, on June 13,1981, a final draft of the proposed contract of sale was handed to defendant’s president, Henry Yochman, just prior to his attendance at a special meeting of the membership where he was to preside. The contract had been signed by plaintiff’s representative the previous day in Yochman’s absence. Defendant’s attorney asked Yochman to sign on behalf of defendant prior to entering the meeting, assuring him that the contract, though signed, would not be delivered until they had reviewed it further. Yochman then signed. Plaintiff’s attorney was contemporaneously notified by his counterpart of the execution of the contract, but with the caveat that there was “trouble” with approval of the sale and “bad news” for the prospect of an ultimate consummation of the contract.
 

 This contract was never returned to plaintiff’s attorney after the meeting of the membership where strenuous objection to the sale was voiced by a number of those present. Attempts by the parties to reconcile persisting problems were of no avail. On August 6,1981, defendant’s counsel sent a letter stating that no binding agreement had been reached and thereafter returned the deposit which had accompanied the final draft.
 

 Dismissal of the complaint in the ensuing action for specific performance was proper since the circumstances presented here
 
 *1071
 
 fail to demonstrate the requisite objective manifestation of intent of the parties to enter into a contract
 
 (see, Brown Bros. Elec. Contrs. v Beam Constr. Corp.,
 
 41 NY2d 397, 399-400;
 
 Arnold v Gramercy Co.,
 
 15 AD2d 762,
 
 affd
 
 12 NY2d 687).
 

 Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Kane
 
 *
 
 concur; Judge Alexander taking no part.
 

 Order affirmed, with costs, in a memorandum.
 

 *
 

 Designated pursuant to NY Constitution, article VI, § 2.