■ THEODORE BROIS, Appellant, v MARY F. DELUCA et al., Respondents.—In an action for specific performance of a contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Westchester County (Ruskin, J.), entered May 9, 1988, which granted the defendants' motion to dismiss the complaint and to vacate the notice of pendency filed by the plaintiff.

Ordered that the order is affirmed, with costs.

The plaintiff, desiring to purchase real property from the

defendant sellers, mailed to the defendants' attorney copies of a contract executed by him for the sale of the subject parcel. Paragraph nine of the rider to the contract provided that: "This Contract is not binding until executed by Seller and delivered to Purchaser." No executed copy of the contract by the defendants was ever returned to the plaintiff. The transaction was never consummated, and the plaintiff commenced this action.

We reject the plaintiff's contention that the Supreme Court erred in dismissing his complaint because the defendants had allegedly "waived" or modified the delivery requirement set forth in paragraph nine of the rider to the contract. While executed oral modifications of an existing written agreement are enforceable (see, Rose v Spa Realty Assocs., 42 NY2d 338, 343-344), the plaintiff made no showing that there was in fact an existing agreement between him and the defendants. In the circumstances at bar, where there was no delivery of the contract which by its own terms became binding only upon delivery, no agreement between the parties could exist (see, Schwartz v Greenberg, 304 NY 250, 254; Bohlen Indus. v Flint Oil & Gas, 106 AD2d 909, 910). In view of the fact that the delivery requirement was a condition precedent to the formation of a contract it could not be waived by the defendants (see, Gram v Mutual Life Ins. Co., 300 NY 375, 388-389). "It is a fundamental principle of contract law that a valid acceptance must comply with the terms of the offer" (Roer v Cross County Med. Center Corp., 83 AD2d 861).

We have considered the plaintiff's remaining contentions and find them to be without merit. Lawrence, J. P., Rubin, Balletta and Rosenblatt, JJ., concur.