■ MOHAMMED A. MALIK, Appellant, v JONATHAN S. INGBER et al., Respondents. [629 NYS2d 76] —In an action, *inter alia*, to

recover damages for breach of contract, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Friedmann, J.), dated April 29, 1993, which granted the defendants' motion for judgment during trial at the close of the evidence, and (2) a judgment of the same court, dated July 23, 1993, which is in favor of the defendants and against him.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents appearing separately and filing separate briefs are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

In 1982 the plaintiff, the prospective purchaser of a 50% interest in certain commercial premises located on Queens Boulevard, entered into a series of negotiations for the proposed sale of that 50% interest with the sellers' broker. It was the understanding of the parties that the sale of the 50% interest owned by the defendants Jonathan S. Ingber and Kenneth W. Ingber, and Samuel Goldstein as trustee (hereinafter the sellers) was conditioned upon the approval of the contract by the other 50% owners, Morris and Josephine Hodara as trustees. Although on July 6, 1983, the plaintiff signed the final copy of the drafted document, the Hodaras never signed the document because they refused to agree to the inclusion of two clauses: one involving the right of first refusal and the other involving a master lease. On August 19, 1983, the sellers informed the plaintiff that they were terminating all further negotiations. The 50% interest was subsequently purchased by the broker. The plaintiff commenced this action alleging that the sellers, after signing the contract, breached the contract by failing to specifically perform. The plaintiff sought specific performance of the contract and damages.

The Supreme Court properly granted judgment to the defendants at the close of the defendants' case since the plaintiff failed to offer evidence sufficient to warrant submission of the issue of formation of the contract to the jury (*see,* CPLR 4401; *Blum v Fresh Grown Preserve Corp.,* 292 NY 241, 246; *Garcia v City of New York,* 104 AD2d 438, *affd* 65 NY2d 805).

The sellers' signing of the document, which took place in

Florida, cannot be interpreted as a completed execution of the contract since all parties knew and understood that the document would not ripen into a contract unless the Hodaras also signed it and consented thereto (*see*, 21 NY Jur 2d, Contracts, § 31). Furthermore, there is no indication in the record that the sellers delivered the signed document to the buyer, or otherwise acted with the intent of unconditionally conveying their interest in the premises (*see, 219 Broadway Corp. v Alexander's, Inc.*, 46 NY2d 506). Since there was no assent by the sellers to the document dated July 6, 1983, there was no contract. Therefore the plaintiff's cause of action for breach of contract was properly dismissed.

The plaintiff's remaining contentions are either unpreserved for appellate review or without merit. Sullivan, J. P., O'Brien, Altman and Goldstein, JJ., concur.