■ MICHAEL J. GREGWARE, Appellant-Respondent, v KEY BANK OF NEW YORK, Respondent-Appellant. [630 NYS2d 148] —Mercure, J. Cross appeals from an order of the Supreme Court (Canfield, J.), entered March 31, 1994 in Rensselaer County, which, *inter alia,* granted defendant's motion to dismiss the complaint for failure to state a cause of action.

Plaintiff, engaged in the business of purchasing older build-

ings and then renovating and offering them for sale or lease, negotiated with defendant for the purchase of the former Standard Furniture warehouse located at 547 River Street in the City of Troy, Rensselaer County. Between August 19, 1993 and September 7, 1993, plaintiff made successive purchase offers of $125,000, $175,000 and $187,500, with defendant accepting the last of them. On September 15, 1993, the parties entered into a written contract of sale, describing the property to be conveyed by street address and tax map description and, in addition, referring to an annexed schedule for the legal description of the property. Unfortunately, however, the legal description annexed to the contract covered not only the property at 547 River Street but also property located at 263 River Street, constituting the former Standard Furniture retail store location, which defendant had acquired at the same time as the other property.

Discovering the error, plaintiff thereafter took the position that defendant was required to convey title to both properties for the $187,500 contract price. When defendant refused, plaintiff filed a notice of pendency with respect to both properties and commenced this action for specific performance. Prior to service of an answer, defendant moved to dismiss the complaint, to cancel the notice of pendency and for the imposition of sanctions against plaintiff and his counsel. Supreme Court granted the motion to the extent of dismissing the complaint and canceling the notice of pendency. Plaintiff appeals the dismissal of the action and defendant cross-appeals Supreme Court's refusal to impose costs and sanctions.

Initially, we are in complete agreement with Supreme Court's determination to dismiss the complaint and cancel the notice of pendency. The extensive evidentiary submissions on defendant's motion and, in fact, plaintiff's candid admission at oral argument of the motion, compel a finding that it was the parties' clear intent, as unequivocally expressed in their contract, that the $187,500 purchase price cover the 547 River Street property only. There can be no question that the instant action represents nothing more than plaintiff's effort to obtain a windfall as a result of defendant's obvious error. Under the circumstances, plaintiff was precluded from demonstrating the requisite objective manifestation of the parties' intent to enter into the contract alleged in the complaint (see, Manhattan Theatre Club v Bohemian Benevolent & Literary Assn., 64 NY2d 1069).

Nor are we persuaded that on this motion to dismiss for failure to state a cause of action, Supreme Court erred in consider-

ing defendant's factual submissions to refute the allegations of the complaint (*cf.*, *Rovello v Orofino Realty Co.*, 40 NY2d 633, 635-636). Under the circumstances present here, Supreme Court properly considered whether, based upon the undisputed facts established on the motion, plaintiff had a cause of action (*see*, *Quail Ridge Assocs. v Chemical Bank*, 162 AD2d 917, *lv dismissed* 76 NY2d 936). Moreover, the parties having submitted affidavits and documentary evidence and asserted arguments indicating an intention to "deliberately chart[ ] a summary judgment course" (*Four Seasons Hotels v Vinnik*, 127 AD2d 310, 320), Supreme Court was entitled to convert the application to a summary judgment motion without providing additional notice (*see*, *Singer v Boychuk*, 194 AD2d 1049, 1050-1051, *lv denied* 82 NY2d 657; *Four Seasons Hotels v Vinnik*, *supra*, at 320-321; *cf.*, CPLR 3211 [c]).

We now turn to the question of sanctions. Viewing the matter in a light most favorable to plaintiff and his counsel, we are willing to accept the possibility that they did not fully comprehend the frivolous nature of plaintiff's action until Supreme Court's dismissal of the action. For that reason, we conclude that Supreme Court acted within its discretion in denying defendant's initial application for sanctions (*see*, 22 NYCRR 130-1.1 [a], [c]). However, plaintiff and his counsel having pursued this appeal after the lack of factual or legal basis for the action became (or should have become) apparent (*see*, 22 NYCRR 130-1.1 [c]), we find it impossible to interpret the present appeal as anything other than frivolous. Perhaps the best example of the lack of merit of plaintiff's appeal is the argument, advanced in plaintiff's reply brief, that a factual issue exists as to whether defendant may have formed a unilateral intent that the contract cover the 263 River Street property, so as to permit defendant to divest itself of a burdensome asset. Under the circumstances, we think it appropriate to impose a sanction of $1,000 against plaintiff personally, to be deposited with the clerk of this Court for transmittal to the Commissioner of Taxation and Finance (*see*, 22 NYCRR 130-1.3). We also impose a sanction of $1,000 against plaintiff's counsel, Sharon Couch DeBonis, to be paid personally by her and deposited with the Clients' Security Fund established pursuant to State Finance Law § 97-t (*see*, 22 NYCRR 130-1.3).

Mikoll, Casey and Peters, JJ., concur; Cardona, P. J., not taking part. Ordered that the order is affirmed, with costs to defendant. Ordered that defendant's motion for sanctions granted and sanctions in the amount of $1,000 are imposed against plaintiff and sanctions in the amount of $1,000 are

imposed against his counsel, Sharon Couch DeBonis, in each case to be paid within 60 days following the date of this order.