OPINION OF THE COURT
Richard F. Braun, J.
This is an action to recover damages due to defendants’ failure to purchase a condominium unit under a contract of sale. *466 Plaintiff moves for summary judgment. Defendants request that this court search the record and grant summary judgment to them, pursuant to CPLR 3212 (b).
To obtain summary judgment, a party must show entitlement to judgment as a matter of law (CPLR 3212 [b]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). In order to defeat the motion, the opposing party has to demonstrate that there is a question(s) of fact that needs a trial (Zuckerman v City of New York, 49 NY2d 557, 560, 562 [1980]).
Plaintiff owned a condominium apartment at 350 Hudson Street in lower Manhattan. He negotiated a sale of the residence to defendants, who are husband and wife. On or about August 29, 2001, defendants made a formal offer to purchase the apartment by their attorney’s submitting to plaintiff’s attorney executed duplicate original contracts of sale, along with a down payment check. The cover letter accompanying the contracts and the check stated: “Kindly hold check in escrow and do not deposit the check until [defendants’ attorney is] in receipt of two (2) fully executed contracts of sale.” On September 10, 2001, plaintiff executed the contracts of sale at the office of his attorney. That day, his attorney mailed the contracts of sale to the attorney for defendants by leaving the envelope containing them with an employee of FedEx Express. On the next day, September 11, 2001, the horrific attacks on the World Trade Center occurred. On that date, defendant Stephen G. Louie (husband) sent by FedEx Express and facsimile transmission to plaintiff, in care of his attorney in Albany, New York, a letter rescinding the offer to buy the condominium unit, in which defendant husband stated that “the tragedy of the bombing of the World Trade Center has made me concerned about the air quality and the effect on my allergies as well as the safety of my baby girl.”* Plaintiff’s attorney sent letters, dated September 11, 29, and October 10, 2001, to defendants’ attorney rejecting the purported rescission by defendants of their offer to buy the condominium apartment, in which plaintiff’s attorney contended that the contract became *467 complete upon the mailing by plaintiffs attorney of the fully executed contract of sale on September 10, 2001. The attorney for defendants stated in an October 11, 2001 letter that he did not receive the fully executed contracts until September 27, 2001. He further - asserts that his office building was closed until September 18, 2001, and “normal services were not restored until after that.”
The party asserting that a contract of sale was agreed to must show an “objective manifestation of intent of the parties to enter into a contract.” (Manhattan Theatre Club v Bohemian Benevolent & Literary Assn. of City of N.Y., 64 NY2d 1069, 1070-1071 [1985] [citations omitted].) Paragraph 30 of the subject contract of sale provided that execution and delivery of the contract was required before it became effective. To convey an interest in real property, delivery requires “evidence of an unequivocal intent that the interest intended to be conveyed is, in fact, being conveyed.” (219 Broadway Corp. v Alexander’s, Inc., 46 NY2d 506, 512 [1979].) “By requiring delivery, the law facilitates the true expectations of the parties by ensuring that the interest in the property is not conveyed until that moment when the parties so intend.” (Id.)
Here, the defendants’ attorney’s cover letter, which accompanied the submitting of the duplicate original contracts of sale executed by defendants, instructed plaintiffs attorney to hold the down payment check in escrow and not to deposit the check until defendants’ attorney received two completely executed contracts of sale. Before that receipt occurred, defendant husband sent to plaintiff the letter rescinding the defendants’ offer to contract with plaintiff. There is a question of fact for trial as to whether that statement by defendants’ attorney in his cover letter was intended by defendants to mean that there would be no delivery of the contracts of sale and thus no contract between plaintiff and defendants until their attorney received a return of the contracts executed by plaintiff.
Therefore, summary judgment cannot be granted to plaintiff or defendants. A trial must be held in this action.

 Although neither plaintiff nor defendants discuss the fact that the letter only spoke of defendant husband rescinding the purchase, the contract of sale specifically includes a handwritten notation that defendant Alice Y. Louie is “his wife” at the top for “Purchaser.” This recognized that defendants were buying the unit as tenants by the entirety. As such, under ancient common law, the husband and wife are considered a single purchaser (Matter of Lyon, 233 NY 208, 211 [1922]; Matter of Klatz, 216 NY 83, 85 [1915]). Thus, any rescission by him was a rescission for both.