■ EUSTORGIO FELIPE et al., Appellants, v 2820 WEST 36TH STREET REALTY CORP., Respondent. [798 NYS2d 738]—

In an action for specific performance of a contract for the sale of real property, the plaintiffs appeal from an order of the

Supreme Court, Kings County (M. Garson, J.), dated December 15, 2004, which granted the defendant's motion for summary judgment dismissing the complaint and directed the Kings County Clerk to vacate the notice of pendency filed against the subject premises.

Ordered that the order is affirmed, with costs.

The plaintiffs conceded that at the time they executed the contract of sale, the contract was not yet executed by the defendant. Moreover, it is undisputed that the defendant did not subsequently mail a fully-executed copy of the contract to the plaintiffs' attorney, as expressly required under paragraph 17 of the rider to the contract. Because the delivery requirement was a condition precedent to the formation of any binding agreement, it could not be waived by the defendant (*see Brois v DeLuca*, 154 AD2d 417 [1989]; *see also Manhattan Theatre Club v Bohemian Benevolent & Literary Assn. of City of N.Y.*, 64 NY2d 1069, 1070-1071 [1985]; *Schwartz v Greenberg*, 304 NY 250 [1952]). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint and to direct the Kings County Clerk to vacate the notice of pendency (*see Raanan v Tom's Triangle*, 303 AD2d 668, 669 [2003]).

The parties' remaining contentions are without merit. Adams, J.P., Ritter, Goldstein and Fisher, JJ., concur.