■ MORGAN SERVICES, INC., Appellant, v SANDRA ABRAMS, Doing Business as THE DUDLEY, Respondent. [801 NYS2d 457]—

Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered September 7, 2004 in a breach of contract action. The order granted defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied and the complaint is reinstated.

Memorandum: Plaintiff commenced this action alleging that defendant breached her contract with plaintiff, pursuant to which plaintiff agreed to provide linen items for use in defendant's business. By its terms, the contract was to expire 60 months from the date of the first delivery, but defendant terminated the contract approximately 72 weeks into the contractual period. We agree with plaintiff that Supreme Court erred in granting defendant's motion for summary judgment dismissing the complaint. In support of her motion, defendant contended that the contract was not delivered to her. It is well settled, however, that "[a] binding contract . . . may be made without a physical delivery of the instrument evidencing the contract" (*Birch v McNall*, 19 AD2d 850, 850 [1963]; *see Bohlen Indus. of N. Am. v Flint Oil & Gas*, 106 AD2d 909, 910 [1984]). Indeed, " '[a]ny evidence that shows that the parties to a written instrument intend that the same should be operative and binding upon them is sufficient in an action to enforce its provisions' " (*Birch*, 19 AD2d at 850, quoting *Sarasohn v Kamaiky*, 193 NY 203, 214 [1908]). "It is basic, of course, that a contract requires an offer and acceptance, and where the parties have agreed that delivery is essential to the making of a contract, there is no agreement without it" (*Bohlen Indus. of N. Am.*, 106 AD2d at 910, citing *Schwartz v Greenberg*, 304 NY 250 [1952]). Here, defendant failed to meet her burden on the motion by establishing as a matter of law that the parties "agreed that delivery [was] essential to the making of [the] contract" (*id.*). Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Pine and Hayes, JJ.