The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).
This litigation arises out of a contract executed on June 10, 2005, for the sale by the defendants of certain vacant land in Queens to the plaintiff. The parties agreed to a purchase price of $380,000, with the plaintiff depositing a down payment of $10,000 in escrow with the defendants’ attorney. The closing *533 was to be held “30 days from receipt of fully executed contract.” For various reasons, the parties failed to close. In August 2005, the plaintiff commenced this action seeking specific performance of the contract. On August 19, 2005, the plaintiff filed a notice of pendency.
On November 27, 2007, the day of trial, the attorneys for both parties drafted a stipulation of settlement. The stipulation changed certain portions of the contract of sale, including increasing the purchase price from $380,000 to $403,500, and provided that the closing was to take place within 45 days from the signing of the agreement. The stipulation provided that it was not binding until it was executed by one of the defendants.
On December 3, 2007, the defendants returned the signed stipulation of settlement to the plaintiff with two handwritten modifications. Upon receipt of the stipulation, the plaintiff informed the defendants that he did not consent to the modifications and requested that the defendants “forward an original signed stipulation ... at [their] earliest convenience.” The plaintiff contended that the defendants never returned to him the original stipulation without the modifications. The defendants dispute this contention.
Thereafter, the defendants sought to enforce the unmodified stipulation drafted by the parties’ attorneys on November 27, 2007, and the plaintiff opposed the motion. In the order appealed from, the Supreme Court denied the defendants’ motion, inter alia, to enforce the unmodified stipulation on the ground that it was not binding, and granted the plaintiffs cross motion pursuant to CPLR 3025 for leave to amend the complaint to add a cause of action for the return of a down payment. Upon the order, and after a nonjury trial, judgment was entered in favor of the plaintiff and against the defendants. The defendants appeal and we reverse the judgment.
The record demonstrates that an unmodified version of the stipulation of settlement was executed by one of the defendants. Contrary to the plaintiffs argument, whether the unmodified stipulation was delivered to the plaintiff was irrelevant, as there was no requirement obligating the defendants to physically deliver the stipulation to the plaintiff in order to enforce it (see Morgan Servs., Inc. v Abrams, 21 AD3d 1284, 1285 [2005]; Bohlen Indus. of N. Am. v Flint Oil & Gas, 106 AD2d 909, 910 [1984]; Birch v McNall, 19 AD2d 850, 850 [1963]; cf. Brois v DeLuca, 154 AD2d 417 [1989]). Thus, the unmodified stipulation was binding, and that branch of the defendants’ motion which was to enforce the unmodified stipulation should have been granted.
*534 In light of our determination, it is unnecessary to reach the plaintiff’s remaining contentions.
Accordingly, we reverse the judgment and remit the matter to the Supreme Court, Queens County, to determine whether the defendants are entitled to any damages, including an attorney’s fee, statutory interest, and compensatory damages, and if so, the amount of those damages. Florio, J.E, Balkin, Chambers and Cohen, JJ., concur.