■ Donna Titte, Respondent, v Renea Butler, Appellant. [39 NYS3d 58]——

In an action for specific performance of a contract for the sale of real property, or, in the alternative, to recover damages for breach of contract, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Sweeney, J.), dated June 5, 2014, as denied those branches of her motion which were for summary judgment dismissing the complaint and for cancellation of the plaintiff's notice of pendency on the subject property.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendant's motion which were for summary judgment dismissing the complaint and for cancellation of the plaintiff's notice of pendency on the subject property are granted; and it is further,

Ordered that the County Clerk, Kings County, is directed to cancel the notice of pendency dated November 5, 2013, indexed against block 1212, lot 23, on the tax map of the County of Kings.

The plaintiff alleges that she agreed to purchase from the defendant real property located in Brooklyn for the principal sum of $750,000. On or about August 10, 2012, the defendant sent the plaintiff a contract of sale for the property. The contract provided for a down payment in the principal sum of $75,000, and also provided that it was not binding until it was executed and delivered by the plaintiff to the defendant. The plaintiff did not deliver an executed contract to the defendant nor did she remit to the defendant the down payment.

According to the plaintiff, the parties orally agreed that in lieu of the down payment, she would pay the mortgage and related carrying charges for the property. She further alleges that in accordance with the oral agreement, she paid the mortgage and related expenses on the property from June 30, 2011, to August 26, 2013.

On or about September 17, 2013, the plaintiff sent the defendant an amended contract that reflected, inter alia, that the plaintiff had paid $58,703.69, with a $691,296.31 balance due at closing. In response, the defendant informed the plaintiff that, given the passage of time, she was withdrawing her offer to sell the subject premises to her.

The plaintiff asserted that in February 2013 the defendant's brother had signed a contract when he was at the office of the plaintiff's husband. At that time, the defendant was on the telephone with her brother and orally authorized him to sign the contract. The conversation was on speaker phone and heard by the plaintiff. The defendant and her brother denied that such was the case.

The plaintiff commenced this action, asserting a single cause of action sounding in breach of contract, and seeking as a remedy, specific performance, or in the alternative, damages. After joinder of issue, the defendant moved, among other things, for summary judgment dismissing the complaint and for cancellation of the plaintiff's notice of pendency on the property. The Supreme Court denied the motion. We reverse the order insofar as appealed from.

The formation of a contract for the sale of real property can be made explicitly contingent on delivery of an executed instrument (*see Brois v DeLuca*, 154 AD2d 417, 418 [1989]). Here, the defendant established that the plaintiff never delivered an executed contract to her. Accordingly, the defendant established, prima facie, that the August 2012 contract was not enforceable (*see Felipe v 2820 W. 36th St. Realty Corp.*, 20 AD3d 503, 503 [2005]; *Brois v DeLuca*, 154 AD2d at 418). In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

General Obligations Law § 5-703 (2) provides that "[a] contract . . . for the sale, of any real property, or an interest therein, is void unless the contract or some note or memorandum thereof, expressing the consideration, is in writing, subscribed by the party to be charged, or *by his lawful agent thereunto authorized by writing*" (emphasis supplied). Accordingly, the defendant established, prima facie, that the alleged execution of the contract by the defendant's brother did not give rise to an enforceable agreement pursuant to General Obligations Law § 5-703 (2), since there was no writing authorizing the defendant's brother to execute the contract on her behalf (*see Leist v Tugendhaft*, 64 AD3d 687, 688 [2009]; *Cippitelli Bros. Towing & Collision v Rosenfeld*, 171 AD2d 637, 638 [1991]). In opposition, the plaintiff failed to raise a triable issue of fact.

In the absence of an enforceable written contract between the parties, the defendant was entitled to summary judgment dismissing the complaint, and cancellation of the plaintiff's notice of pendency. Rivera, J.P., Chambers, Roman and Hinds-Radix, JJ., concur.