██ DARRYL E. SOMMERFELDT, Respondent, v MADELINE PICKETT et al., Appellants. [56 NYS3d 752]—

Appeals from an order of the Supreme Court, Orleans County (Tracey A. Bannister, J.), entered June 20, 2016. The order granted the cross motion of plaintiff for summary judgment on liability against defendants Madeline Pickett and Diane Hart and denied the motion of defendant Star Growers Farm, LLC, for summary judgment.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting judgment in favor of plaintiff on the first cause of action as follows:

It is adjudged and declared that the lease executed by plaintiff Darryl E. Sommerfeldt and defendants Madeline Pickett and Diane Hart is valid and in full force and effect, and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking a declaration that the lease between him and defendants Madeline Pickett and Diane Hart (collectively, owners) is valid and alleging that the owners breached that lease. With respect to defendant Star Growers Farm, LLC (Star Growers), plaintiff alleged that it had intentionally induced the owners to breach their lease with plaintiff. We agree with plaintiff that Supreme Court properly granted, in part, his cross motion for summary judgment, determining that the lease is valid under the first cause of action and that the owners are liable for a breach of that lease under the second cause of action, and properly denied, explicitly and implicitly, the separate motions of the owners and Star Growers for summary judgment dismissing the complaint insofar as asserted against them. The court erred, however, in failing to declare the rights of the parties,

and we therefore modify the order by making the requisite declaration (*see generally Maurizzio v Lumbermens Mut. Cas. Co.*, 73 NY2d 951, 954 [1989]).

Contrary to the sole contention of defendants on appeal, plaintiff established as a matter of law that his lease was legally delivered, thus establishing that the lease is valid and enforceable. As the Court of Appeals has written, "[a] lease, as in the case of conveyances of an interest in land generally, requires the fulfillment by the parties of certain prerequisites to take effect. It is the well-established rule in this State that delivery is one such requirement, the absence of which, without more, renders the lease ineffective" (*219 Broadway Corp. v Alexander's, Inc.*, 46 NY2d 506, 511 [1979]). Legal delivery may be accomplished even in the absence of a physical delivery (*see Birch v McNall*, 19 AD2d 850, 850 [1963]). Indeed, " '[a]ny evidence that shows that the parties to a written instrument intend that the same should be operative and binding upon them is sufficient in an action to enforce its provisions' " (*id.*, quoting *Sarasohn v Kamaiky*, 193 NY 203, 214 [1908]; *see 219 Broadway Corp.*, 46 NY2d at 512).

Here, it is undisputed that plaintiff prepared the lease and signed it first. He then gave it to the owners, who also signed the lease but did not physically deliver it to plaintiff. Instead, the owners filed the signed lease with the Town Assessor in order to qualify for an agricultural tax exemption for the property. We conclude that, by filing the signed lease with the Town Assessor, the owners acknowledged "the existence and binding nature of the lease agreement" (*Townhouse Co. v Williams*, 307 AD2d 223, 224 [2003]); "unequivocally demonstrated their intent that the [lease] be valid and effective" (*Thomson v Rubenstein*, 31 AD3d 434, 436 [2006]); and "acted with the intent of unconditionally conveying [a leasehold] interest in the premises" (*Malik v Ingber*, 217 AD2d 535, 537 [1995]). Present—Peradotto, J.P., Carni, Lindley, Troutman and Scudder, JJ.