BENDERSON DEVELOPMENT COMPANY, INC., Appellant, v HALLAWAY PROPERTIES, INC., et al., Respondents.—Order unanimously reversed, on the law, without costs, and motion granted. Memorandum: Plaintiff brought a motion in lieu of a complaint pursuant to CPLR 3213 seeking summary judgment on two notes given to plaintiff's assignor, The Bank of New York, made by defendant Hallaway Properties, Inc., and unconditionally guaranteed by defendant Tocha. Special Term denied the motion. We find no evidence in the record demonstrating that there is a valid defense to either note. We, therefore, reverse and grant the motion.

Defendants' assertion that the $160,000 note was signed "with the understanding that there would be no repayment to THE BANK OF NEW YORK until the project was underway and producing money" is no defense. Such collateral agreement is inconsistent with the terms of the note and barred by the parol evidence rule (see, Metropolitan Bank v Brennan, 48 AD2d 254; Meadow Brook Natl. Bank v Bzura, 20 AD2d 287). The allegations of fraud in the inducement are insufficient. The statements attributed to Peter Castiglia and the bank to the effect that they would control F. V. Scutti and see to it that he would perform his agreement to dedicate a road are promises of future conduct. There is no factual allegation that such alleged assurances were made with a present intent to deceive or that the declarants at the time the promissory representations were made never intended to honor them (see, Lanzi v Brooks, 54 AD2d 1057, affd 43 NY2d 778). Moreover, it does not appear that defendants signed the note in reliance on Castiglia's promises of future conduct rather than on F. V. Scutti's written contractual obligation to dedicate the road. Defendants, we note, are suing Scutti in a third-party action on that written obligation (see, Merchants Natl. Bank & Trust Co. v Syracuse Eagles Hockey Club Corp., 58 AD2d 1004, lv dismissed 43 NY2d 747).

Nor have defendants raised a valid defense to the action on the $400,000 note. Their contention that it was without consideration has no merit. The check for the $400,000 was received by defendants and indorsed to The Bank of New York in payment of an obligation owed to the bank by Anthony H. Santiago. The consideration for defendants' payment of Santiago's obligation to the bank was his contractual obligation to convey to defendants an interest in an industrial park. This written agreement, we note, is the subject of a third-party action against Anthony H. Santiago. The allegation of fraud based on assurances of future conduct are

insufficient to constitute a defense to the $400,000 note *(see, Lanzi v Brooks, supra)*. (Appeal from order of Supreme Court, Erie County, Kane, J.—summary judgment.) Present—Hancock, Jr., J. P., Callahan, Denman, Green and O'Donnell, JJ.