■ CURWIL CONSTRUCTION CORP., Respondent, v RHP DEVELOPMENT CORP. et al., Appellants. [598 NYS2d 306] —In an action to recover on promissory notes, (1) the defendants RHP Development Corp. and Philip Cervone appeal from a judgment of the Supreme Court, Suffolk County (Cannavo, J.), entered May 21, 1991, which is in favor of the plaintiff and against them in the sum of $214,279.18, and (2) the defendant Ronald K.

Johansen appeals from a judgment of the same court entered May 21, 1991, which in favor of the plaintiff and against him in the amount of $214,279.18. The defendants' notices of appeal from the orders dated April 9, 1991, granting the plaintiff's motion for summary judgment, are deemed premature notices of appeal from the judgments (see, Men's World Outlet v Estate of Steinberg, 101 AD2d 854).

Ordered that the judgments are affirmed, with one bill of costs.

In 1987 the plaintiff and the corporate defendant entered into an agreement whereby the plaintiff, as subcontractor, was to provide carpentry work for a development of houses being built by the corporate defendant in Setauket, New York. On May 16, 1989, after the plaintiff had performed part of the overall carpentry work on the development, the corporate defendant executed four promissory notes, guaranteed by the codefendants, payable to the plaintiff in equal principal installments of $75,000 each. These notes, allegedly issued in payment for work which the plaintiff had already performed at the Setauket development, as well as for previous work it had done at another development owned by the corporate defendant, were to be paid on June 15, 1989, July 17, 1989, September 15, 1989, and November 15, 1989, respectively.

The first note was presented for payment on the due date, June 15, 1989, and was duly paid. However, the corporate defendant defaulted in payment of the second note, and, upon this default, the plaintiff declared the entire balance of the notes due and commenced suit to recover those moneys. In the course of this action the plaintiff was awarded summary judgment based upon the Supreme Court's conclusion that there was no triable issue of fact. We now affirm.

By proof of the existence of the notes and the default in payment thereof, the plaintiff initially demonstrated its entitlement to summary judgment relief (see, Gittleson v Dempster, 148 AD2d 578; Seaman-Andwall Corp. v Wright Mach. Corp., 31 AD2d 136, affd 29 NY2d 617). In order to defeat this entitlement it was incumbent upon the defendants to demonstrate the existence of a bona fide defense by evidentiary facts, and not one based upon conclusory allegations (see, Rotuba Extruders v Ceppos, 46 NY2d 223, 231; Faustini v Darth Provisions Co., 131 AD2d 809). In the case at bar, the defendants put forth the unsupported allegation that the notes were not to be presented for payment until the plaintiff had completed its work on the development. However, the notes do

not contain such a condition precedent and are otherwise clear and unambiguous on their face *(see, Abacus Real Estate Fin. Co. v P.A.R. Constr. & Maintenance Corp.,* 115 AD2d 576). The defendants cannot proffer parol evidence to alter the express terms of the notes *(see, Grasso v Shutts Agency,* 132 AD2d 768, 769; *see generally,* Richardson, Evidence §§ 601, 602, at 598-599 [Prince 10th ed]). In addition, we note that the defendants' allegations are belied by the fact that the first note was duly paid when it came due, although the plaintiff's work on the development was not yet completed.

Under these circumstances, the defendants have failed to overcome the "heavy presumption that a deliberately prepared and executed written instrument manifested the true intention of the parties" *(Backer Mgt. Corp. v Acme Quilting Co.,* 46 NY2d 211, 219; *see also, Chimart Assocs. v Paul,* 66 NY2d 570).

We have considered the defendants' remaining contentions and find them to be without merit. Lawrence, J. P., O'Brien, Copertino and Santucci, JJ., concur.