■ EUROPEAN AMERICAN BANK, Respondent, v VILLAGE SQUARE ASSOCIATES LIMITED PARTNERSHIP et al., Appellants, et al., Defendants. (And a Third-Party Action.) [623 NYS2d 296] —In an action to foreclose a mortgage, the defendants, Village Square Associates Limited Partnership, Harold Weber, and Robert Nilsson, appeal, (1) as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Beisner, J.), entered December 22, 1992, as granted the motion of the plaintiff, European American Bank, for summary judgment and to dismiss their affirmative defenses and counterclaims and (2) from an order of the same court entered January 11, 1993, which appointed a Referee.

Ordered that the order entered December 22, 1992, is affirmed insofar as appealed from; and it is further,

Ordered that the order entered January 11, 1993, is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The plaintiff, European American Bank, brought this action to foreclose consolidated mortgage liens against Village Square Associates Limited Partnership (hereinafter VSA) and its general partners who guaranteed payment of the loans.

The two mortgage loans which are at issue are a 1989 land acquisition and construction loan which was increased, modified, and consolidated in 1990 by an additional loan, advanced by the plaintiff, to finance the construction of a shopping center by VSA.

The Supreme Court properly found that the plaintiff, in support of its motion for summary judgment, produced evidence in admissible form showing that the defendants had defaulted on the loan because (1) two of the guarantors suffered an adverse material change in their financial condition and (2) the defendants, in admitting that additional funds were required to complete the shopping center, breached a warranty provision that no additional funds would be required. This proof was sufficient to entitle the plaintiff to

accelerate the loans and to prevail on its cause of action to foreclose the mortgage *(see, Home Sav. Bank v Arthurkill Assocs.,* 173 AD2d 776, 777).

The defendants contend that the loan agreements had been orally modified, thus precluding summary judgment in favor of the plaintiff. The Supreme Court, however, properly held that the parol evidence rule barred the defendants from proffering oral evidence to alter the express terms of the loan documents *(see, Curwil Constr. Corp. v RHP Dev. Corp.,* 194 AD2d 514, 515-516).

The defendants' remaining contentions are without merit. Sullivan, J. P., Rosenblatt, Copertino and Hart, JJ., concur.