■ BANK OF NEW YORK, Appellant, v LOCKWOOD VENTURE HOUSING, INC., et al., Respondents. [635 NYS2d 692] —In an action to foreclose a mortgage, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Fredman, J.), entered June 10, 1993, as denied its motion for summary judgment to strike and/or dismiss certain defendants' answers, counterclaims, and affirmative defenses, and to appoint a Referee to compute the amount due.

Ordered that the appeal from so much of the order as denied the branches of the plaintiff's motion which were to strike and/or dismiss the answers, counterclaims, and affirmative defenses of the defendants John Mullaney, and C&M Management, Ltd., is dismissed as withdrawn; and it is further,

Ordered that the order is reversed insofar as appealed from and reviewed, on the law, with costs payable by the defendants Lockwood Venture Housing, Inc., and Virginia V. Blackburn

as executrix of the estate of Philip W. Blackburn, the branches of the plaintiff's motion which were for summary judgment to strike and/or dismiss the answers, counterclaims, and affirmative defenses of the defendants Lockwood Venture Housing, Inc., and Virginia V. Blackburn, as executrix of the estate of Philip W. Blackburn are granted, and the matter is remitted to the Supreme Court, Westchester County, to appoint a Referee to compute.

Beginning in September 1988, the plaintiff's predecessor in interest, Scarsdale National Bank and Trust Company (hereinafter Scarsdale), agreed, through a series of written agreements, to provide financing to Lockwood Venture Housing, Inc. (hereinafter Lockwood) for the acquisition and development of a complex of garden apartments in Hartsdale, New York. The payments due under the initial loan were guaranteed by the defendants John Mullaney and C&M Financing, Ltd. (hereinafter C&M), and secured by two mortgages on the subject property.

The parties envisioned that the apartments would be converted from rental properties to condominiums. Scarsdale was to receive, as an inducement to make the loan in question, 5% of the gross proceeds of the sales of the individual units, or $100,000, whichever was greater. After Scarsdale merged with the plaintiff, the plaintiff became its successor in interest under the subject agreements.

Almost immediately, Lockwood defaulted in its payment obligations under the agreements. Although the parties modified the original agreements to provide Lockwood with a period of forbearance, Lockwood remained in default.

The plaintiff brought this foreclosure action on October 31, 1991, naming as defendants Lockwood, Mullaney, C&M, Philip W. Blackburn, as holder of a subordinate mortgage, the People of the State of New York, and the occupants of the individual apartment units, some designated under fictitious names. Blackburn answered and asserted affirmative defenses. Lockwood, Mullaney, and C&M also answered, denying liability and asserting affirmative defenses and counterclaims. On October 9, 1992, the plaintiff moved for summary judgment to strike and/or dismiss the answers, affirmative defenses, and counterclaims, for appointment of a Referee to compute, and to amend the caption and the text of the complaint to reflect the true names of the apartment occupants.

The court granted the branch of the motion which was to amend the caption of the complaint, but denied those branches of the motion which were to strike the answers and for the ap-

pointment of a Referee. The court also refused to strike the affirmative defenses and to dismiss the counterclaims. We now reverse the order insofar as appealed from and reviewed, and grant the plaintiff's motion.

The plaintiff has established that Lockwood executed the documents in question and defaulted in the payments due thereunder. Lockwood's assertion that, prior to the execution of the financing documents, Scarsdale had agreed to be an equity participant in the project is barred by the parol evidence rule (*see, Hicks v Bush*, 10 NY2d 488, 491; *Bank of Suffolk County v Kite*, 49 NY2d 827). Summary judgment was therefore appropriate and should have been granted to the plaintiff.

The counterclaims and the affirmative defenses which are based on the existence of a prior agreement should have been dismissed, since no proof admissible at trial was offered in response to the plaintiff's motion (*see, Zuckerman v City of New York*, 49 NY2d 557; *New York State Mtge. Loan Enforcement & Admin. Corp. v Coney Is. Site Five Houses*, 109 AD2d 311). The remaining affirmative defenses also should have been dismissed, as a matter of law, since they were without support in the record, or, as in the case of the defense of failure to state a claim, not properly interposed in an answer (*see, Konow v Sugarman*, 71 AD2d 1016; *Bazinet v Lorenz*, 70 AD2d 582). We also note that Lockwood has not raised a material issue of fact as to whether it was properly served with the summons and complaint.

The defendant Philip W. Blackburn, now deceased, had such rights as were warranted by his status as a second mortgagee (*see, e.g.*, RPAPL 1354 [3]). His estate has not, however, alleged sufficient facts or grounds to resist the plaintiff's motion for summary judgment. Bracken, J. P., Sullivan, Rosenblatt and Hart, JJ., concur.