■ UMBERTO CAPPARELLI, Respondent, v FRANK VITIRITTI, Appellant. [643 NYS2d 656]

This appeal concerns a promissory note which memorializes a $30,000, no-interest loan made by the plaintiff to the defendant and the plaintiff's brother. The note, dated March 1, 1989, is signed by both the defendant and the plaintiff's brother and is payable upon the plaintiff's demand. The defendant signed the note without consulting an attorney. Approximately four years later, the plaintiff sent a demand for payment to the defendant, thereby demanding payment in full from the defendant within 30 days. The defendant subsequently telephoned the plaintiff and objected to the demand because, according to the defendant, the wording of the demand made it seem like the plaintiff was seeking the entire $30,000 from the defendant, instead of just his $15,000 share of the debt. The defendant allegedly tape-recorded this telephone conversation. The defendant's transcript of the conversation clearly manifests that at the time of the alleged telephone conversation the plaintiff was only seeking to recover $15,000 from the defendant. After the defendant failed to pay any amount, the plaintiff commenced this action by service of a summary judgment motion in lieu of complaint (see, CPLR 3213). The Supreme Court awarded summary judgment to the plaintiff. We affirm.

By proof of the existence of the note and the default in payment thereof, the plaintiff established a prima facie right to summary judgment against the defendant for the full amount of the note (see, Curwill Constr. Corp. v RHP Dev. Corp., 194 AD2d 514; Vernon v Winikoff, 182 AD2d 753; UCC 3-118 [e]). Thus, in order to defeat the summary judgment motion, it became incumbent upon the defendant to demonstrate by evidentiary facts the existence of a bona fide defense (see, Rotuba Extruders v Ceppos, 46 NY2d 223, 231; Curwill Constr. Corp. v RHP Dev. Corp., supra).

Here, in opposition to the summary judgment motion, the defendant submitted a transcript of an alleged telephone conversation between himself and the plaintiff. This transcript was proffered for the sole purpose of establishing that "the execution of the Note was a mutual mistake in fact". However, the subject transcript does not raise a question of fact with reference to the alleged occurence of any mutual mistake by the parties at the time the promissory note was executed (*see, Ryan v Boucher,* 144 AD2d 144, 145). Indeed, the fact that in April 1993 the plaintiff sought only $15,000 from the defendant does not indicate that, four years earlier, the defendant failed to understand that each obligor could be held jointly and severally liable for the entire $30,000 debt. Moreover, the plaintiff never stated during the alleged telephone conversation that a mistake had been made by his attorney in drafting the promissory note. In fact, during the course of the alleged telephone conversation the plaintiff declined the defendant's repeated requests to rewrite the note and demand letter so as to reflect that the defendant was only liable for $15,000.

In short, the defendant signed a promissory note which clearly and unambiguously rendered him jointly and severally liable to the plaintiff for $30,000. In order "to overcome the heavy presumption that a deliberately prepared and executed written instrument manifested the true intention of the parties, evidence of a very high order is required" (*Backer Mgt. Corp. v Acme Quilting Co.,* 46 NY2d 211, 219). The evidence proffered by the defendant establishes only that the plaintiff did not immediately seek to recover the full amount from the defendant. Such evidence is insufficient to create a triable issue of fact as to the affirmative defense of mutual mistake, and thus does not warrant disturbing the integrity of the clear and unambiguous promissory note. At best, the alleged telephone conversation supports only a claim of unilateral mistake on the part of the defendant, who did not understand that his signature on the note rendered him jointly and severally liable. Mangano, P. J., O'Brien and Pizzuto, JJ., concur.

Miller, J. and Ritter, J., dissent and vote to reverse the order appealed from, with the following memorandum: We do not agree with the conclusion reached by the Supreme Court, and affirmed by the majority herein, that the plaintiff has demonstrated his entitlement to summary judgment in the full amount of the $30,000 note. Rather, we find that triable issues of fact warrant denial of the plaintiff's motion.

In opposition to the plaintiff's motion for summary judgment in lieu of complaint, the defendant submitted an affidavit

wherein he averred that he did not borrow $30,000 from the plaintiff. Rather, he asserted, he and Romano Capparelli, the plaintiff's brother, each borrowed $15,000 and the mutual intent of the parties in executing the promissory note was to memorialize these two separate "personal, family, non-commercial loan[s]", rather than to impose joint and several liability on each for the full $30,000 amount of the note. Accordingly, he argued, the note should be reformed on the basis of mutual mistake. In support of this argument, the defendant submitted a transcript of a recorded telephone conversation concerning the promissory note that allegedly occurred between he and the plaintiff on or about April 1, 1993. During the alleged conversation, *inter alia,* the following exchanges occurred:

"DEFENDANT: I got your certified letter.

"PLAINTIFF: Uh hum.

"DEFENDANT: Ok, you're asking me for the whole $30,000?

"PLAINTIFF: No, just your part * * *

"DEFENDANT: You know, the way, the way, you put it down, it makes it seem like the whole $30,000 without what Romano owes you.

"PLAINTIFF: No, that's just your part, its 15. You know, whatever you owe me, that's it.

"DEFENDANT: Yeah, I know but, the way you wrote it makes it seem like I owe you 30,000.

"PLAINTIFF: No, you don't.

"DEFENDANT: I only owe you 15,000.

"PLAINTIFF: Yeah * * *

"PLAINTIFF: The only reason why I put down the thing, is to memorialize the whatever is the note *[sic]*. You know.

"DEFENDANT: Yeah, I know but.

"PLAINTIFF: The note is 30,000.

"DEFENDANT: I realize that.

"PLAINTIFF: I'm not asking you for the 30,000.

"DEFENDANT: I know that, but ah,

"PLAINTIFF: It's 15."

Although, in general, parol evidence is not admissible to contradict the unambiguous terms of a written promissory note (*see, National Bank v ESI Group,* 167 AD2d 453), parol evidence is admissible to reform a contract on the basis of mutual mistake (*see, Brandwein v Provident Mut. Life Ins. Co.,* 3 NY2d 491). Here, the defendant's sworn allegations, in conjunction

with the transcript of the alleged conversation between the parties, are sufficient to raise a triable issue of fact as to the defense of mutual mistake. Whether the parties understood or intended that the defendant and Romano Capparelli, by signing a single note for $30,000, would each be held jointly and severally liable for the full amount of the note, rather than each being held liable merely for his half of the full amount, cannot be resolved as a matter of law on the record before this Court. Significantly, the record is devoid of any sworn allegations by the plaintiff as to his understanding or intention concerning joint and several liability at the time the note was executed. This evidentiary gap should not be filled by the terms of the note alone, in that joint and several liability is not made express in the note, but rather arises by operation of law (*see,* 22 NY Jur 2d, Contracts, § 231; UCC 3-118 [e]). In sum, in view of the nascent state of the parties' submissions due to the procedural posture of this case, the matter should be remitted to permit formal pleadings to be served so that the relevant facts and applicable legal theories can be properly developed (*see, Silber v Muschel,* 190 AD2d 727; *Circle Indus. Corp. v Werner Krebs, Inc.,* 65 AD2d 709).