■ CHARTER REALTY & DEVELOPMENT CORP., Appellant, v ROTTERDAM MALL ASSOCIATES, L.P., et al., Respondents. [664 NYS2d 943] —In an action to recover on a promissory note, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Goldstein, J.), dated January 31, 1997, as denied its motion for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion for summary judgment is granted, and the matter is remitted for the entry of an appropriate judgment.

The plaintiff, a licensed real estate broker, was hired by the defendant Rotterdam Mall Associates, L.P. (hereinafter Rotterdam) (of which the defendant Francis E. Darcy, an owner and developer of shopping centers, is the general partner), to find tenants who would lease space in the defendants' shopping center. A dispute subsequently arose between the parties as to the amount of money owed by the defendants to the plaintiff and, on July 19, 1995, the parties entered into a settlement agreement by which they resolved their dispute. In connection with the settlement agreement, Rotterdam executed a promissory note in the amount of $80,000 payable to the plaintiff on January 15, 1996. Darcy executed a personal guaranty of payment of the note.

When the defendants failed to make the required payment, the plaintiff commenced this action and moved for summary judgment. The defendants opposed the motion, arguing that there was a question of fact as to the existence of a condition precedent to the payment of the amount due. The Supreme Court agreed and denied the plaintiff's motion. We now reverse.

"[P]arol evidence may be admissible to prove a condition precedent to the legal effectiveness of a written agreement if the condition is not contradictory or at variance with its express terms" (Bank of Suffolk County v Kite, 49 NY2d 827, 828; see also, Bank of N. Y. v Lockwood Venture Hous., 222 AD2d 633, 635). Here, the alleged condition precedent relied upon by the defendants clearly contradicts the express terms of the promissory note. Accordingly, such condition cannot bar the plaintiff's

entitlement to summary judgment (*see, Banque Nationale de Paris v 1567 Broadway Ownership Assocs.,* 214 AD2d 359, 361). Miller, J. P., Florio, McGinity and Luciano, JJ., concur.