NISKAYUNA SQUARE, LLC, Respondent, v 81 AND 3 OF WATERTOWN, INC., et al., Appellants, et al., Defendant. (Appeal No. 1.) [784 NYS2d 419]—

Appeals from a judgment of the Supreme Court, Erie County (Joseph G. Makowski, J.), entered December 23, 2003. The judgment was entered upon an order granting plaintiff's motion for summary judgment.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by providing that the interest rate is 9% and as modified the judgment is affirmed without costs.

Memorandum: Plaintiff commenced this action to collect on promissory notes signed by defendants 81 and 3 of Watertown, Inc., PJP Development Inc., Joseph A. Cipolla, John E. Cipolla, Penny D. Cipolla, and Pasquale D. Cipolla (defendants). By proving the existence of the promissory notes and defendants' default in payment thereof, plaintiff met its initial burden of establishing its entitlement to summary judgment (*see Curwil Constr. Corp. v RHP Dev. Corp.*, 194 AD2d 514, 515 [1993]). In opposition to the motion, defendants failed to demonstrate the existence of a bona fide defense (*see id.*). We reject the contention of defendants that they established the defense of a condition precedent to payment under the notes. "[P]arol evidence may be admissible to prove a condition precedent to the legal effectiveness of a written agreement if the condition is not contradictory or at variance with its express terms" (*Bank of Suffolk County v Kite*, 49 NY2d 827, 828 [1980]; *see Hicks v Bush*, 10 NY2d 488, 491 [1962]). Defendants, however, may not introduce parol evidence in this case to establish a condition precedent because the alleged condition precedent was inconsistent with the unqualified promissory note (*see Bank of Suffolk County*, 49 NY2d at 828; *Charter Realty & Dev. Corp. v Rotterdam Mall Assoc.*, 242 AD2d 656, 656-657 [1997]). Payments under the notes were due upon demand, and the notes were clear and unambiguous on their face; there was no condition precedent stated in the notes (*see Curwil Constr. Corp.*, 194 AD2d at 515-516). Defendants thus cannot submit parol evidence to alter the

express terms of the notes (*see Benderson Dev. Co. v Hallaway Props.*, 115 AD2d 339 [1985], *affd* 67 NY2d 963 [1986]; *Curwil Constr. Corp.*, 194 AD2d at 516). We conclude, however, that the judgment must be modified because Supreme Court granted judgment in favor of plaintiff and against defendants in the face amount of the notes plus a late fee and 12% interest, but it is undisputed that the note signed by defendants with the exception of John E. Cipolla stated an interest rate of 9%. We therefore modify the judgment by providing that the interest rate is 9%, and we otherwise affirm. Present—Green, J.P., Gorski, Lawton and Hayes, JJ.