■ TAMBE ELECTRIC, INC., Respondent, v HOME DEPOT U.S.A., INC., Appellant. [856 NYS2d 373]—

Memorandum: Plaintiff commenced this action seeking damages in the amount of $69,085.58 for defendant's alleged breach of a contract pursuant to which defendant was to provide copper wire to plaintiff at a price quoted by plaintiff. We note at the outset that, although defendant appeals from an order granting plaintiff's motion for summary judgment, the order was subsumed in the subsequent judgment. Nevertheless, we exercise our discretion to treat the notice of appeal as valid and deem the appeal as taken from the judgment (*see Hughes v Nussbaumer, Clarke & Velzy*, 140 AD2d 988 [1988]; *see also* CPLR 5520 [c]).

With respect to the merits, we conclude that plaintiff met its burden of establishing its entitlement to judgment as a matter

of law by establishing that there was a contract between the parties and that defendant breached that contract (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). We reject the contention of defendant that it raised a triable issue of fact by presenting evidence of an oral condition precedent requiring payment in full by plaintiff at the time that defendant accepted the price quoted by plaintiff. "[P]arol evidence may be admissible to prove a condition precedent to the legal effectiveness of a written agreement if the condition is not contradictory or at variance with its express terms" (*Bank of Suffolk County v Kite*, 49 NY2d 827, 828 [1980]; *see Niskayuna Sq., LLC v 81 & 3 of Watertown, Inc.*, 12 AD3d 1160 [2004]; *Tropical Leasing v Fiermonte Chevrolet*, 80 AD2d 467, 469 [1981]). Here, the parol evidence is at variance with the written agreement, which expressly gave plaintiff the option of purchasing the goods over time (*see generally Bank of Suffolk County*, 49 NY2d at 828). We conclude, however, that the accurate amount of damages sustained by plaintiff is $68,598.46, and we therefore modify the judgment accordingly. Present—Scudder, P.J., Martoche, Centra, Fahey and Gorski, JJ.