Midtown Mkt. Mo. City, Tx. LLC v Tavakoli (2021 NY Slip Op 01888)





Midtown Mkt. Mo. City, Tx. LLC v Tavakoli


2021 NY Slip Op 01888


Decided on March 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, NEMOYER, CURRAN, AND DEJOSEPH, JJ.


62 CA 20-00333

[*1]MIDTOWN MARKET MISSOURI CITY, TX. LLC, PLAINTIFF-RESPONDENT,
v
FRANK TAVAKOLI, DEFENDANT-APPELLANT, AND SH SALON LLC, DEFENDANT.






FRANK A. ALOI, ROCHESTER (ROBERT J. LUNN OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
BOND, SCHOENECK & KING, PLLC, ROCHESTER (CURTIS A. JOHNSON OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order and judgment (one paper) of the Supreme Court, Monroe County (William K. Taylor, J.), entered February 19, 2020. The order and judgment, among other things, awarded plaintiff partial summary judgment and money damages. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff's predecessor conveyed its interest in a plaza in Missouri City, Texas and assigned a lease for salon space with defendants' predecessor to plaintiff. Plaintiff and defendants subsequently entered into two amendments to the lease agreement. Contemporaneously with the execution of the amendments, defendant Frank Tavakoli, owner of defendant SH Salon LLC, personally guaranteed performance of the lease and its amendments and consented to jurisdiction and venue in Monroe County. Approximately two years after the second lease amendment, defendants ceased making rental payments and abandoned the premises, claiming that plaintiff had failed to uphold its verbal representations that it would provide, inter alia, security and lighting for the premises, and marketing of the business. Plaintiff then commenced this action seeking damages for defendants' alleged breach of the commercial lease and Tavakoli's breach of the guarantees by failing to pay timely rent and by vacating or abandoning the premises. Tavakoli appeals from an order and judgment that granted plaintiff's motion for, inter alia, partial summary judgment on liability and denied defendants' cross motion for leave to amend the answer to assert certain affirmative defenses and counterclaims. We affirm.
"A guaranty is a promise to fulfill the obligations of another party, and is subject 'to the ordinary principles of contract construction' " (Cooperatieve Centrale Raiffeisen—Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro, 25 NY3d 485, 492 [2015]). "Under those principles, 'a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms' " (id. at 493). Here, plaintiff met its initial burden on the motion by establishing that Tavakoli breached the guarantees executed by him (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). We reject the contention of Tavakoli that he raised a triable issue of fact in opposition by presenting evidence of an oral condition precedent to the legal effectiveness of the guarantees. "[P]arol evidence may be admissible to prove a condition precedent to the legal effectiveness of a written agreement if the condition is not contradictory or at variance with its express terms" (Bank of Suffolk County v Kite, 49 NY2d 827, 828 [1980]; see Tambe Elec., Inc. v Home Depot U.S.A., Inc., 49 AD3d 1161, 1162 [4th Dept 2008]). Here, the alleged oral condition precedent contradicts the unconditional guarantees that Tavakoli executed, and therefore it cannot be proven by parol evidence (see Cooperatieve Centrale Raiffeisen—Boerenleenbank, B.A., [*2]"Rabobank Intl.," N.Y. Branch, 25 NY3d at 493-494; Citibank v Plapinger, 66 NY2d 90, 94-95 [1985], rearg denied 67 NY2d 647 [1986]; Marine Midland Bank v Maloy, 174 AD2d 994, 994 [4th Dept 1991]; Meadow Brook Natl. Bank v Bzura, 20 AD2d 287, 288 [1st Dept 1964]; cf. Long Is. Trust Co. v International Inst. for Packaging Educ., 38 NY2d 493, 497 [1976]; see also Wurlitzer Co. v Playtime Distribs., 58 AD2d 684, 684 [3d Dept 1977]).
Finally, we reject Tavakoli's contention that Supreme Court abused its discretion in denying the cross motion seeking leave to amend the answer to assert certain affirmative defenses and counterclaims (see generally Woloszuk v Logan-Young, 162 AD3d 1548, 1549 [4th Dept 2018]; Broyles v Town of Evans, 147 AD3d 1496, 1497 [4th Dept 2017]).
Entered: March 26, 2021
Mark W. Bennett
Clerk of the Court