Counsel Fin. Holdings LLC v Sullivan Law, L.L.C. (2022 NY Slip Op 04861)

Counsel Fin. Holdings LLC v Sullivan Law, L.L.C.

2022 NY Slip Op 04861

Decided on August 4, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., NEMOYER, CURRAN, WINSLOW, AND BANNISTER, JJ.

501 CA 21-00891

[*1]COUNSEL FINANCIAL HOLDINGS LLC, PLAINTIFF-RESPONDENT,
v
SULLIVAN LAW, L.L.C., ROBERT C. SULLIVAN, BIANCA T. SULLIVAN, JOHN R. BONDON, PARROT PROPERTIES, INC., ROBBA PROPERTIES, L.L.C., AND SOUTH SIDE INVESTMENT COMPANY, DEFENDANTS-APPELLANTS. (APPEAL NO. 2.) 

PHILLIPS LYTLE LLP, BUFFALO (SEAN C. MCPHEE OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
WOODS OVIATT GILMAN LLP, BUFFALO (JOHN C. NUTTER OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered May 26, 2021. The judgment awarded money damages to plaintiff. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Defendants appeal from a judgment awarding plaintiff damages in the amount of $6,865,243.34. By motion for summary judgment in lieu of complaint (see CPLR 3213), plaintiff sought to recover on a revolving promissory note (note) executed by defendant Sullivan Law, L.L.C. (Sullivan Law) and a guaranty for payment and performance (guaranty) for the note executed by defendants Robert C. Sullivan, Bianca T. Sullivan, John R. Bondon, Parrot Properties, Inc., Robba Properties, L.L.C., and South Side Investment Company (collectively, guarantors). Monies advanced under the line of credit evidenced by the note were for the purpose of funding Sullivan Law's operating expenses or interest payments due under the note. Supreme Court granted plaintiff's motion, and we affirm.
We reject defendants' contention that the note and guaranty are not instruments for the payment of money only within the ambit of CPLR 3213. The note contains an unambiguous promise to pay as and when required, as well as provisions governing default and acceleration of the debt upon default. The guaranty obligates the guarantors to "irrevocably, absolutely and unconditionally" guarantee to plaintiff "the punctual payment and performance" of the debt owed by Sullivan Law and to waive all defenses thereto. Thus, the instruments may be read "in the first instance" as instruments for the payment of money only (Weissman v Sinorm Deli, 88 NY2d 437, 445 [1996] [internal quotation marks omitted]).
Defendants further contend that the note is not an instrument within the scope of CPLR 3213 because it is neither a negotiable instrument nor a commercial paper. CPLR 3213, however, does not require that an instrument either be negotiable or qualify as commercial paper. CPLR 3213 has been applied even though an instrument was "technically not commercial paper," and "the statute is not limited to negotiable and non-negotiable paper within the terms of Article 3 of the Uniform Commercial Code" inasmuch as "CPLR 3213 contains no such restriction nor does the policy underlying this procedure" (Maglich v Saxe, Bacon & Bolan, 97 AD2d 19, 21-22 [1st Dept 1983], appeal withdrawn 61 NY2d 906 [1984]; see Logan v Williamson & Co., 64 AD2d 466, 468-469 [4th Dept 1978], appeal dismissed 46 NY2d 996 [1979]). We likewise [*2]reject defendants' contention that a line of credit may not be the subject of a motion for summary judgment in lieu of complaint pursuant to CPLR 3213 (see Stache Invs. Corp. v Ciolek, 174 AD3d 1393, 1393 [4th Dept 2019]; see generally Counsel Fin. Servs., LLC v David McQuade Leibowitz, P.C., 67 AD3d 1483, 1484 [4th Dept 2009]).
Defendants also contend that the guaranty is not an instrument for the payment of money only because, in addition to guaranteeing Sullivan Law's obligation to make payment under the note, it contains language obligating the guarantors to guarantee performance under the note. We decline to follow the First Department precedent advanced by defendants (see e.g. PDL Biopharma, Inc. v Wohlstadter, 147 AD3d 494, 495-496 [1st Dept 2017]), and we conclude that the guaranty's references to ensuring the performance of the note's obligations do not negate its status as an instrument for the payment of money only (see Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro, 25 NY3d 485, 488, 492 [2015]; see generally Northwoods, L.L.C. v Hale, 201 AD3d 1357, 1357-1358 [4th Dept 2022]; Midtown Mkt. Mo. City, Tx. LLC v Tavakoli, 192 AD3d 1646, 1647-1648 [4th Dept 2021]). In any event, the guaranty "required no additional performance by plaintiff[ ] as a condition precedent to payment [nor] otherwise made [the guarantors'] promise to pay something other than unconditional" (iPayment, Inc. v Silverman, 192 AD3d 586, 587 [1st Dept 2021], lv dismissed 37 NY3d 1020 [2021] [emphasis added and internal quotation marks omitted]).
We have considered defendants' remaining contentions and conclude that none warrants modification or reversal of the judgment.
Entered: August 4, 2022
Ann Dillon Flynn
Clerk of the Court