Bankers Healthcare Group, LLC v Pasumbal (2022 NY Slip Op 06334)

Bankers Healthcare Group, LLC v Pasumbal

2022 NY Slip Op 06334

Decided on November 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, CURRAN, AND WINSLOW, JJ.

627 CA 22-00190

[*1]BANKERS HEALTHCARE GROUP, LLC, PLAINTIFF-APPELLANT,
v
ENRIL L. PASUMBAL, DOING BUSINESS AS ENRIL L. PASUMBAL, R.N., AND ENRIL L. PASUMBAL, DEFENDANTS-RESPONDENTS. 

BARCLAY DAMON LLP, SYRACUSE (LEE ALCOTT OF COUNSEL), FOR PLAINTIFF-APPELLANT. 

 Appeal from an order of the Supreme Court, Onondaga County (Robert E. Antonacci, II, J.), entered October 26, 2021. The order denied the motion of plaintiff for summary judgment on the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion dated August 19, 2021, is granted in part with respect to the issue of liability and the matter is remitted to Supreme Court, Onondaga County, for further proceedings in accordance with the following memorandum: Plaintiff commenced this breach of contract action after defendants defaulted on a "financing agreement," also titled a "promissory note/security agreement/personal guaranty" (note). Insofar as relevant to this appeal, the note provided that "[t]he terms of the [note] and all loan documents executed herewith shall be governed by and construed in accordance with the substantive and procedur[al] laws of the State of Florida, exclusive of the principals [sic] of conflict of laws" (emphasis added).
Plaintiff thereafter moved pursuant to CPLR 3212 for summary judgment on the complaint. Although defendants did not oppose the motion, Supreme Court, relying on 2138747 Ontario, Inc. v Samsung C & T Corp. (31 NY3d 372, 377 [2018]), denied the motion on the ground that it was "incumbent for the [p]laintiff to delineate which 'laws of the State of Florida' apply to this action and how the application of those laws entitle[s] the [plaintiff] to summary judgment."
Plaintiff later filed a second motion for summary judgment on the complaint, this time citing Rule 1.510 (a) of the Florida Rules of Civil Procedure as well as case law from the State of Florida. As with the first motion, defendants failed to respond. The court nevertheless denied the second motion, and plaintiff now appeals. The court stated in its decision that, "having elected to have the 'procedur[al] laws of the State of Florida' apply exclusively in this action, the [p]laintiff could not rely on any of the provisions of New York's Civil Practice Law and Rules in prosecuting this action." The court relied on CPLR 101, which the court quoted in its decision as providing, in pertinent part, that " '[t]he civil practice law and rules shall govern the procedure in civil judicial proceedings in all courts of the state and before all judges, except where the procedure is regulated by inconsistent statute' " (emphasis added by the court). The court thus concluded that, due to the perceived conflict between the contractual choice-of-law provisions and CPLR 101, it could not grant the second motion.
We agree with plaintiff that the court erred in denying the second motion. It is well settled that "freedom to contract is an important public policy in New York" (Deutsche Bank Natl. Trust Co. v Flagstar Capital Mkts., 32 NY3d 139, 154 [2018]), and "courts will generally enforce choice-of-law clauses" (Ministers & Missionaries Benefit Bd. v Snow, 26 NY3d 466, 470 [2015], rearg denied 26 NY3d 1136 [2016]). "[T]he fundamental, neutral precept of contract [*2]interpretation [is] that agreements are construed in accord with the parties' intent, and [t]he best evidence of what parties to a written agreement intend is what they say in their writing . . . In addition, it is a deeply rooted principle of New York contract law that parties may . . . contract as they wish . . . in the absence of some violation of law or transgression of a strong public policy" (2138747 Ontario, Inc., 31 NY3d at 377 [internal quotation marks omitted]).
"Contractual '[c]hoice of law provisions typically apply to only substantive issues' " (id., quoting Portfolio Recovery Assoc., LLC v King, 14 NY3d 410, 416 [2010], rearg denied 15 NY3d 833 [2010]), although parties can agree otherwise. Here, the note provides that "[t]he terms" of the documents are to be governed by the substantive and procedural rules of Florida, but that does not establish that the rules of Florida were intended to govern the procedures of the New York State court system, which would effectively preclude any action on the note in New York. Indeed, the note itself provides that venue for any action related to the note may be in either "Onondaga County, New York or Broward County, Florida." Thus, the parties anticipated that New York courts could and would be able to handle a judicial action related to the note (see id.).
Inasmuch as plaintiff established on the second motion that there was a valid contract and a material breach of that contract (see Cincinnati Ins. Co. v GC Works Inc., 2022 WL 787952, *5, 2022 US Dist LEXIS 35332, *13 [SD Fla, Feb. 25, 2022, No. 21-cv-21159-COOKE/DAMIAN], report and recommendation adopted 2022 WL 783285 [SD Fla, Mar. 15, 2022]; Absen, Inc. v LED Capital, LLC, 2020 WL 9065755, *6, 2020 US Dist LEXIS 252667, *13 [MD Fla, Mar. 19, 2020, No. 6:19-cv-905-Orl-40LRH], report and recommendation adopted 2020 WL 9065756 [MD Fla, Apr. 3, 2020]; see also Harvey v Agle, 115 AD3d 1200, 1200 [4th Dept 2014]; Niskayuna Sq., LLC v 81 & 3 of Watertown, Inc., 12 AD3d 1160, 1160 [4th Dept 2004]), and defendants failed to raise a material issue of fact in opposition, we conclude that plaintiff is entitled to partial summary judgment on the issue of liability under either Rule 1.510 (a) of the Florida Rules of Civil Procedure (see generally Sterling Mirror Co., LLC v Jordan Glass Corp., — So 3d &mdash, &mdash, 2022 WL 2231263, *1, 2022 Fla App LEXIS 4307, *1 [Fla Dist Ct App 2022]; Beezley v Deutsche Bank Natl. Trust Co., 336 So 3d 814, 816-817 [Fla Dist Ct App 2022]; Jaffer v Chase Home Fin., LLC, 155 So 3d 1199, 1202-1203 [Fla Dist Ct App 2015]) or CPLR 3212 (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
We therefore reverse the order on appeal, grant the second motion in part with respect to the issue of liability and remit the matter to Supreme Court for a determination of damages.
Entered: November 10, 2022
Ann Dillon Flynn
Clerk of the Court